# JUNE, 1913.

### GEORGE STEVENS v. THE STATE.

#### No. 2487.  Decided June 4, 1913.

**1.—Gaming—Exhibiting Gaming Table—Indictment.**

Where, upon trial of exhibiting a gaming table for the purpose of gaming, the indictment charged that the defendant directly, and as agent and employe of another, kept and exhibited for the purpose of gaming a gaming table and bank, the same was sufficient.

**2.—Same—Indictment—Not Duplicitous—Pleading.**

An indictment which charged the defendant directly and as agent and employe of another kept and exhibited, etc., a gaming table, the same was not duplicitous, as the statute provides that the offense may be committed in several ways, and there was no error in charging these conjunctively in the same count in the indictment. Following Morris v. State, 57 Texas Crim. Rep., 163, and other cases.

**3.—Same—Statutes Construed.**

The fact that article 551 of the Revised Penal Code makes it a misdemeanor to keep and exhibit a gaming table or bank, does not vitiate article 558 of the same Code, making this offense a felony. Following Robertson v. State, 70 Texas Crim. Rep., 307.

**4.—Same—Codifiers—Legislative Intent.**

The codifiers had no authority to add to, amend, omit, or write new statutes, and their work only becomes law through the Act of the Legislature, and

the fact that a given provision is enacted as a part of revision gives it no more force and effect than if enacted as a separate and distinct bill.

### 5.—Same—Statutes Construed—Later Act Controls—Codification.

That article 558, when it was enacted by the Legislature in 1907 necessarily repealed article 551, which was passed in 1887, there can be no question, and the adoption of the codification of 1911, in which both articles were re-enacted, did not have the effect of invalidating both statutes, and effect must be given to article 558, which is the latter statute. Davidson, Presiding Judge, dissenting.

### 6.—Same—Rule Stated—Statutes Construed—Revision.

Where two statutes in pari materia, originally enacted at different periods of time, are subsequently incorporated in a revision and re-enacted in substantially the same language, with the design to accomplish the purpose they were originally intended to produce, the times when they first took effect will be ascertained by the courts and effect will be given to that which was the latest declaration of the will of the Legislature, if they are not harmonious.

### 7.—Same—Rule Stated—Legislative Intent—Conflicting Acts.

Two Acts of the Legislature on the same subject passed at the same session of the Legislature ought, if possible, to be construed together, but where they are repugnant to each other, the last must stand as the will of the Legislature. Thus if considered as one bill, the felony statute being the later of the two, repeals the misdemeanor statute and leaves article 558, Penal Code, in force as the law of this State. Following Parshall v. State, 62 Texas Crim. Rep., 177; 138 S. W. Rep., 759, and other cases. Davidson, Presiding Judge, dissenting.

### 8.—Same—Bills of Exception—Evidence.

Where the bills of exception did not state what was expected to be proven and it is impossible to see therefrom whether the testimony objected to was admissible, the same can not be considered on appeal.

### 9.—Same—Bills of Exception—Evidence—Practice on Appeal.

Where the bill of exceptions did not show what the witness would have stated in regard to the questions propounded, the same can not be considered on appeal.

### 10.—Same—Evidence—Immaterial Testimony.

Where none of the persons were introduced as witnesses, the fact as to whether or not they gambled and were discharged as clerks was not a material issue in the case.

### 11.—Same—Sufficiency of the Evidence—Exhibiting Gaming Bank.

Where, upon trial of keeping and exhibiting for the purpose of gaming a gaming table and bank, the evidence sustained the conviction, there was no error. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Polk. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of keeping and exhibiting for the purpose of gaming a gaming table and bank; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Geo. C. Clough* and *Jno. L. Darrouzet* and *Fox Campbell,* for appellant.—On question of the insufficiency of the indictment: Shuman v.

State, 34 Texas Crim. Rep., 69; Pisano v. State, 34 id., 63; Scales v. State, 46 id., 296; Boren v. State, 23 Texas Crim. App., 28.

On question of invalidity of felony statute: Cases cited in minority opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W. Rep., 759.

HARPER, JUDGE.—Appellant was prosecuted under an indictment charging that he did directly and as the agent and employe of another, keep and exhibit for the purpose of gaming, a gaming table and bank.

A motion was made to quash the indictment and in arrest of judgment. It is earnestly insisted that the indictment is duplicitous and repugnant in that it sought to charge two offenses in one count. If the indictment charged or sought to charge two offenses, the contention would be well taken, but it seeks to charge only one offense,—the keeping and exhibiting a gaming table and bank. It is true that it charged that he did so directly, and as agent and employe of another, yet that is merely the commission of the offense in either one or the other of the ways denounced by the Code, and under all of our decisions it has been held that where there are several ways in the statute by which an offense may be committed, and they are embraced in the same general definition, and are punishable in the same manner and to the same extent, they are not distinct offenses, and may be charged conjunctively in the same count in the indictment. Morris v. State, 57 Texas Crim. Rep., 163; Moore v. State, 37 Texas Crim. Rep., 552; Medina v. State, 49 S. W. Rep., 380; Reum v. State, 49 Texas Crim. Rep., 125; Holman v. State, 90 S. W. Rep., 174; Willis v. State, 34 Texas Crim. Rep., 148; Goodwin v. State, this day decided, and cases cited. The opinions in these cases pass on every ground raised by appellant, and it is shown that in an unbroken line of decisions this court has held that an indictment clothed in the language that this one is, is neither duplicitous nor repugnant.

The next contention of appellant is that as article 551 of the Penal Code makes it a misdemeanor to keep and exhibit a gaming table or bank, punishable by fine and imprisonment in the county jail, and article 558 makes it a felony to keep and exhibit a gaming table or bank, punishable by imprisonment in the penitentiary, we have no statute punishing a man for keeping and exhibiting a gaming table and bank,—that the Revised Code naming two penalties for the same act renders both articles void. In the case of Robertson v. State, 70 Texas Crim. Rep., 307, we held adversely to appellant's contention, and it seems useless to again review the authorities. However, appellant cites one case, Central Georgia Railroad v. State, 54 Ga., 401, and contends that it sustains his contention, but we do not think so. In that case it was contended that an Act of the Legislature, authorizing the Railroad Commission of that State to require railroads to erect depots, was invalid on certain grounds, among them, the insufficiency of the caption. The

court held it was not necessary to discuss that question, as, since the enactment of the law, the laws of Georgia had been codified, and the report of the Commissioners, by an Act of the Legislature, made the law of that State, and even though the Act was void when originally enacted, that by its re-enactment as a part of the Code it become the law, as none of the objections urged were applicable to the law when passed the second time as a part of the Code.   That this was a re-enactment of the law, and under such circumstances was a valid law.   To this the court accedes, and it is in line with all our decisions, and the opinion in the Robertson case is not in conflict therewith.   That codifiers have no authority to add to, amend, omit nor write new statutes, none as we understand, contend; it is when the Legislature enacts their work into law which gives to their work vitality, and the force of law, and when so enacted by the Legislature, their work becomes law is not gainsaid by this court, nor any respectable authority so far as we have been able to ascertain.   But the fact that a given provision is enacted as a part of revision, gives it no more force and effect than if enacted as a separate and distinct bill, and such provisions are subject to and should be construed as all other laws or provisions passed by the Legislature.   That article 558, when it was enacted by the Legislature in 1907 (as art. 388a), necessarily repealed article 551 (old number 382, which had been passed in 1887), we do not think anyone would question. So prior to the adoption of the report of the codifiers in 1911, there are none, we think, who will contend but what the felony statute was the law of this State from its enactment in 1907 until at least the adoption of the codification in 1911.   But as both articles were brought forward in the codification and re-enacted, it is contended that thereby the Act of 1887, article 551, was revitalized, and being in conflict with the Act of 1907, article 558, which was also re-enacted, the punishment thereby being rendered uncertain, both must fail, and it is contended we have no authority to go behind the Act adopting the 1911 codification to gather the intent and purpose of the Legislature, nor to aid us in arriving at the proper construction to be given these articles of the Code. Under all the decisions of this court appellant's contention is unsound. (Braun v. State, 40 Texas Crim. Rep., 236; Runnels v. State, 45 Texas Crim. Rep., 446; Ex parte Muckenfuss, 52 Texas Crim. Rep., 467; Chiles v. State, 1 Texas Crim. App., 27.)   In those cases it is seen that this court has always held that when a revision has been adopted, and the meaning and intent is not made plain, this court may resort to the original Act and be thus enabled to give correctly a proper construction to the provisions of the Revised Code, and in so doing we find that article 551 was repealed in 1907 when article 558 was adopted, and Mr. Sutherland on Statutory Construction says in section 161: "Where two statutes in pari materia, originally enacted at different periods of time, are subsequently incorporated in a revision and re-enacted in substantially the same language, with the design to accomplish the purpose they were originally intended to produce, the times when they first took effect will

be ascertained by the courts, and effect will be given to that which was the latest declaration of the will of the Legislature, if they are not harmonious." Thus it is seen that by this eminent law writer the rule is said to be, not only may we look back to see when either or both the provisions were enacted and took effect, but that effect should be given to that which was the latest declaration of the will of the Legislature, and this we think the law and so held in the Robertson case. Since the misdemeanor statute was enacted in 1887, and the felony statute was adopted twenty years later in 1907, it is made clear that it is the felony statute that is now in force in this State and the bringing forward, by mistake, of the repealed provision did not revive it. For other authorities so holding see Winn v. Jones, 6 Leigh, 74; Blackford v. Hurst, 26 Gratt., 203; United States v. Bowen, 100 U. S., 508; Vietor v. Arthur, 104 U. S., 498; Mobile Savings Bank v. Patty, 16 Fed. Rep., 751.

But should all of the above cases be held to be erroneous, to which we do not agree but think the law correctly announced in the case of Robertson v. State, supra, still the felony statute, and not the misdemeanor statute, would be the law of this State. In the case of Chiles v. State, 1 Texas Crim. App., 27, this court said: "The two acts being passed at the same session of the Legislature ought, if possible, to be construed together, so that both might stand as one embodiment of the legislative will. But it will be perceived that these two acts, though passed at the same session, can not, by any known rule of construction, be so reconciled as that both may stand; and, in case there is such repugnance between the two as that one must give way, the rule is, the last must stand as an expression of the will of the Legislature." When the Supreme Court had jurisdiction in criminal matters, in the case of Cain v. State, 20 Texas, 359, Judge Wheeler, speaking for the court, said: "The rule is, that in construction of Acts of the same session, the whole must be taken and construed as one Act, and to make a latter provision repeal a former, there must be an express repeal, *or an irreconcilable repugnancy between them; and then the latter will control,"* citing 3 Moore, 77; Sedgwick on Stat. & Const. Law, 410.

In a number of cases this rule has been approved: Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W. Rep., 759. " 'The different sections or provisions of the same statute or code should be so construed as to harmonize and give effect to each, but, if there is an irreconcilable conflict, the latter in position prevails.' Lewis' Suth. on Stat. Const. (2d Ed.), sec. 268, p. 514; citing Ex parte Thomas, 113 Ala., 1, 21 South., 369; Hand v. Stapleton, 135 Ala., 156, 33 South., 689; Van Horn v. State, 46 Neb., 62, 64 N. W. Rep., 365; Omaha Real Est. & T. Co. v. Kragscow, 47 Neb., 592, 66 N. W. Rep., 658. And: 'If a conflict exists between two statutes or provisions, the earlier in enactment or position is repealed by the later. "Leges posteriores priores contrarias abrogant." Where there is an irreconcilable conflict between different sections or parts of the same statute, the last words stand, and those which are in conflict with them, so far as there is a conflict, are repealed;

that is, the part of a statute later in position in the same Act or section is deemed later in time, and prevails over repugnant parts occurring before, though enacted and to take effect at the same time. This rule is applicable where no reasonable construction will harmonize the parts. It is presumed that each part of a statute is intended to co-act with every other part; that no part is intended to antagonize the general purpose of the enactment. To ascertain the legislative intent every part of an Act, and other Acts in pari materia, are to be considered. One part of an Act may restrict another part—an early section a later, and vice versa; but, if one part is so out of line with other parts and the general purpose of the Act that it can only operate by wholly neutralizing some other part, then the later provision is supreme, as expressing the latest will of the law-maker. Hence, it is a rule that where the proviso of an Act is directly repugnant to the purview, the latter is repealed by it.' Lewis' Sutherland's Stat. Const., sec. 280."

So if it should be held that we have no right to look behind the enacted revision, and it is taken as one bill or law, and there are two sections of it in irreconcilable conflict, then in that event the later section is held to prevail, and the prior section held to be of no force and effect. The felony statute, being the later of the two, one being 551 and the other 558, if we consider the re-enactment as one bill, and all passed at one time, under these decisions, which we think correctly announce the law, the last article 558 would be the law, and held to repeal the earlier provision of the same Act, for that they are repugnant appellant concedes. Under no construction could it be said that the Legislature did not intend to punish a man for keeping and exhibiting a gaming table and bank, but the contrary intention manifestly appears, and whether we consider when they each passed, or consider them both passed at the same session and in the same bill, the authorities all hold so far as we have been able to ascertain, that it would be our duty to enforce article 558 as the law of this State.

We have discussed this latter proposition, although not deeming it applicable in this case, as the Robertson case and the first part of this decision correctly hold that the Act of 1907 repealed all parts of the Code necessarily repugnant to and in conflict with that Act, and the act of the codifiers in bringing forward some of the provisions theretofore repealed, also bringing forward the later adopted laws repealing them, would not render nugatory both provisions, but such ambiguous provisions and conflicting articles would not only authorize us but makes it our duty to make investigation and give expression and force to the latest expression of the legislative will, for it is not one of our functions to enact or repeal laws, but to give force and effect to the legislative will as enacted by them, and when ambiguous language is used or conflicting provisions adopted, it is our duty to search the history connected with the passage of the law; the evil intended to be remedied, that we may give full effect to their intent and purpose. The Robertson case so fully discusses this question we refer to it for a citation of authorities,

and only discuss this other question, if an Act is passed containing two conflicting provisions that appellant might see that neither construction could or would avail him.

These are the two main questions presented in the motion for new trial, and in the briefs filed. There were some bills sought to be reserved to the introduction and rejection of testimony in the statement of facts, but they are so incomplete we can not intelligently review them. As an illustration we will copy one of them:

"The court erred in refusing to admit the testimony of W. H. Perrett, towit: ·

"Q.   Did you ever have any conversation with Mr. John T. Nickles in Galveston?  A. · Yes, sir.   State:  We object to that as being hearsay.   Court:  Yes, sir; I can't understand the purpose.   Defendant: We want to show by this man—   State:  We object to him stating in the presence of the jury.   Defendant:  We will state it to the court what we expect to prove (here defendant's attorneys step up to the court).   Court:  I sustain the objection."

It is seen that nowhere is it stated what was expected to be proven, so it is impossible for us to determine whether or not it was admissible, and we must presume that the court ruled properly in the premises.   In another place it is shown that appellant desired to prove his "reputation' as an industrious, hard-working man."   What the witness would have stated in regard to this matter is not shown, and if he would have stated his reputation was good in that respect, it was not an issue in the case, and the court did not err in excluding it.   The court permitted all witnesses who were offered to testify that the reputation of appellant as a peaceable, law-abiding citizen was good.

Whether or not some of the clerks of Mistrot gambled in the store and were discharged therefor, was an immaterial issue in this case, as none of those persons were introduced as witnesses.   The other bills are so incomplete that we can not review the matters sought to be raised, as are the ones above mentioned.

We have carefully studied the record and the evidence justifies the verdict.   There is no matter complained of in the motion that presents any error, and the judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—This judgment has been affirmed. To this affirmance I did not feel that I should give my assent. Realizing that dissents are not justified unless for cogent reasons I differ with my brethren with, I trust, due respect. The questions involved in this case are important, and as I understand the prevailing opinion its scope and effect will be far-reaching. It assumes authority on the part of the court to eliminate an Act of the Legislature solemnly passed, sanctioned by the Governor, and recorded in the Secretary of State's office as such Act of the Legislature. In Parshall's case, Judge Prendergast held this could not be done. It seems the fundamental

proposition on which they eliminate the article from the Penal Code is based upon the idea that the Legislature did not intend to do what they did, and it was a mistake on their part in enacting the statute or article in the Code, and this court has authority to control legislative action.

On account of the pressure of work and the many matters under investigation I have concluded to adopt the argument and brief of counsel for the appellant as my dissenting opinion. It presents the questions, as I understand them, correctly, and forcibly and fully meets and answers every proposition announced by the majority opinion. I, therefore, adopt the able brief of Messrs. Geo. C. Clough, John L. Darrouzet and Fox Campbell, attorneys of appellant, as my dissenting opinion, which is as follows:

"In discussing the principal question presented by the motion for rehearing, the distinction which exists between the adoption of a report of codifiers and the re-enactment of a code of laws by original bills must be kept in mind. In United States v. Moore, Fed. case No. 15804, it was held as in other States that the adoption of U. S. Revised Statutes was not the re-enactment of a body of laws; but in this State it has been repeatedly held that the bill enacting and adopting Revised Statutes was a re-enactment of laws therein contained. State v. Burgess, 101 Texas, 524, Supreme Court of Texas. In Ex parte Cox, 53 Texas Crim. Rep., 240, it was held that the bringing forward of a law in the codification was a re-enactment of it, and again in American National Insurance Company v. Collins, 145 S. W. Rep., 554, construing the revision of 1911, the Supreme Court held, in effect, that the revision was not a mere compilation of existing laws, and that the Legislature was not limited to the incorporation therein of the then existing laws. Const. of Texas, art. 3, sec. 43. The practical difference between this Act and other Acts of the Legislature is its exemption for limitations of sections 35 and 36, article 3, Constitution. In that case there was an insertion of new matter in the statute, the Act of May 2, 1874, which had been omitted from the Revised Statutes of 1879.

"We think the court in this case as in the Robertson case has overlooked the very terms of the bill by which the Penal Code of 1911 became the law. It might be well to quote it. The bill is entitled 'A Bill to be Entitled an Act to Adopt and Establish a Penal Code and Code of Criminal Procedure for the State of Texas.' Section 1: 'Be it enacted by the Legislature of the State of Texas that the following titles, chapters, and articles shall hereafter constitute the Penal Code of the State of Texas,' then follows, among others, articles 551 and 557. The concluding sections of the bill are as follows: Sec. 3. 'It is provided, however, that the annotations under the several articles of the Penal Code and Code of Criminal Procedure shall not be construed to be any part of either of said codes.' Sec. 4. 'Nothing in this Act shall be construed or held to repeal or in anywise affect the validity of any law or Act passed by this Legislature in its regular session.' *This is the entire bill,* except the titles, chapters and articles set out in the bill.

"We find from an examination of the authorities that it is a common practice to qualify the effect to be given the conflicting sections of the statutes by inserting such provision in the Act adopting the revision, as was done by the Legislature in adopting the revision of 1875. In Fischer v. Simon, 95 Texas, 234, 66 S. W. Rep., 447, the Supreme Court, through Gaines, C. J., says: 'To make sure that the laws of the State (1875) were not materially changed by such revision, the Legislature which adopted the code as revised enacted a chapter of general provisions to cover in the construction, an application of the law embraced in the Revised Statutes, of which general provisions, section 19, is as follows: "That the provision of the Revised Statutes so far as they are substantially the same as the statutes of this State in force at the time when the Revised Statutes shall go into effect or of the common law in force in this State at the same time, shall be construed as continuations thereof, and not as new enactments of the same."' And in the case quoted, the court decided the question there in point, just as if the Revised Statutes had never been adopted by the Legislature, and did so in view of section 19 above quoted. See also for the same construction, Hartford Fire Insurance Company v. Walker, 94 Texas, 473, 61 S. W. Rep., 711.

"But there is no such clause or section in the Act adopting the revision of 1911, and hence it logically follows that the Code of 1911 and the provisions thereof, are re-enactments, and that each section has the same force and effect as every other section; for how can this court say that one section of a bill is law, and another section of the same bill is not law, there being no constitutional objection to it?

"In the Robertson case, it is pointed out in the majority opinion that the insertion of section 551 was a legislative mistake, it being repealed by the Act of the Thirtieth Legislature, page 107; and yet on the very day of the passage of the bill providing for a revision of the Code, and on the day of the passage of the bill adopting the Code, the decision of this court was, that the Act of the Thirtieth Legislature, page 107, had *not* repealed expressly or impliedly the misdemeanor statute under consideration. Simons v. State, 56 Texas Criminal Reports, 339, decided February 19, 1909, overruled for the first time in Robertson v. State, *May 7, 1913.* Now, if as pointed out by the majority opinion in Robertson's case, the codifiers were only authorized to insert in the Code the existing laws, then instead of inserting in the Code the misdemeanor statute *by mistake,* as stated by the majority opinion, they had as express authority to do so, the decision of this court in the Simons case, and to have omitted the misdemeanor article from the revision in view of the then state of the law, would have been against the decision of, and violative of the express averment of the Legislature. Acts 1909, p. 130. The Act had not been repealed. Simons case, supra. The Commissioners were required to adopt all criminal statutes not repealed, etc. Certainly when the codifiers had before them the opinion in the Simons case, expressly holding that the Act of the Thirtieth Legislature did not

repeal the misdemeanor statute, they could do nothing else but insert it in the Code, and were required so to do, for it was a valid law, and when the Thirty-second Legislature adopted the Code, embracing within it the misdemeanor statute, and having before them the opinion of this court, they could do nothing else, and as this court had held that it was not repealed by the Act of 1907, it necessarily follows that the *Legislature* was not guilty of a *mistake* in incorporating the misdemeanor statute in the Code.

"But assuming for argument's sake that the Legislature could anticipate and should have anticipated that at some future date the majority of this court would reverse the Simons case, and hold that the Act of 1907 *did* repeal the misdemeanor statute, hence the failure to so anticipate was a mistake, where is the authority of this court to correct such mistake by reading it out of the law? Certainly such act is not judicial. The Legislature has legally enacted it, has the authority to make gambling a misdemeanor, just as well as to make it a felony. It has acted by a bill legally passed, properly signed, and which has become the law. Parshall v. State. If out of consideration for public policy or good morals the interests of the State are best subserved by making gambling a felony instead of a misdemeanor, or by repealing a misdemeanor statute and enact a felony statute instead, such is exclusively the province of the Legislature, for the repeal of legislation carelessly enacted is not for the courts. Const., art. 2, sec. 1.

"In Baldwin v. State, 3 S. W. Rep., 109, Judge Willson, speaking for the court, says: 'This court is asked to declare that the Legislature in enacting the law in question, acted without authority. . . . It is a question well worthy of serious consideration, whether a court in this State can go behind the statute, which is valid upon its face, and inquire into the particular authority by virtue of which it was enacted.' 'If the Act itself is within the scope of legislative authority, it must stand, and we are bound to make it stand, if it will. . . . Nothing but a clear violation of the Constitution, a clear usurpation of power prohibited, will justify the judicial department in pronouncing an Act of the Legislature to be void.' Again In re Tipton, 28 Texas Crim. App., 438, 13 S. W. Rep., 610, the same jurists say: 'Where an Act has been passed by the Legislature, signed by the proper officers of each house, approved by the Governor, and filed in the office of Secretary of State, it constitutes a record which is conclusive evidence of the passage of the Act as enrolled. This court, for the purpose of informing itself of the existence or terms of a law, can not look beyond the enrolled Act certified to by those officers, who are charged by the Constitution with the duty of certifying and with the duty of deciding what laws have been enacted.' The same rule is laid down by Judge Prendergast in the Parshall case.

"A most able presentation of the question under discussion is found in Ex parte Donnellan, 95 Pac. Rep., 1085, in that case, the Act adopting the Code was passed in the form of our own as an original bill.

The court said: 'The Act was passed as a complete Penal Code, all the usual ordinary crimes were therein defined, and punishments prescribed therefor, and the criminal procedure was also prescribed. . . . It is clear that it is competent for the Legislature to include in the body of the Act in question anything that relates to crime, and their punishment and proceedings of a criminal nature. It is also clear that the Act of 1881 was but a compilation of existing laws, and not the creation of new offenses, because the Act was initiated by a commissioner authorized to reduce to writing, and bring into a written intelligible and systematic form, the statute laws in the territory, but what may have been the power of the commissioner is unimportant in view of the fact that the Penal Code, being the Act of 1881, was introduced as an original bill and passed as such by the Legislature itself, and was approved by the Governor. It was, therefore, a valid law, even if the person who prepared the bill was not authorized to prepare it, neither was the Act of 1881 merely a continuation of the Act of 1866. It was an entirely new Act. The mere fact that it embraced a portion of the Act of 1866 upon the same subject need not be considered now, as the new Act took the place of the old; and unless it is subject to the objection of the old, that objection can not now be made.'

"In treating of the same subject the court in State v. Towery, 39 Sou. (Ala.), 309, says: 'It is the settled law of this State that the Code of Alabama, adopted as was the present Code of 1896, is not a mere compilation of laws previously existing, but is a body of laws duly enacted, so that laws which previously existed ceases to be the law when omitted from the Code and additions which appear therein became law upon the approval of the Act, citing among other cases, Dew v. Cunningham, 28 Ala., 466, 65 Am. Dec., 361; Hoover v. State, 59 Ala., 57; Bales v. State, 63 Ala., 30; Ex parte Thomas, 113 Ala., 1, 21 Sou., 369; Builders v. Lucas, 119 Ala., 202, 24 Sou., 416.

"To the same effect see Gillespie v. State, 9 Ind., 380; Dodge v. Arthur, Fed. case No. 3950; Ward v. Beale, 91 Ky., 60, 14 S. W. Rep., 967; Burnham v. Stevens, 33 N. H., 247.

"From the authorities shown above, from the very terms of the bill itself, and in view of the judicial history of this State, it was the intention of the Legislature to retain upon the statute books of this State both the misdemeanor and felony statute. If it was error to do so, it was one of policy brought about by the decision of this court in the Simons case, but that the Legislature intended to pass article 551 can not be successfully disputed, because they did so in no uncertain terms. There is no ambiguity or uncertainty about the insertion of article 551. To the contrary, it plainly appears when the Legislature incorporated it in the Penal Code it was duly passed and declared henceforth to be with other sections the criminal law of this State. It is, therefore, the criminal law of this State and this court is without the power to say that it is not the law whether it was repealed or not prior to the time it was re-enacted in the revision of 1911.

"We respectfully show, therefore, that the conflict between article 551 and article 558 of the Penal Code is such as to render the punishment for the offense of keeping a gaming table or bank indeterminable, and hence a conviction for such offense can not be sustained. We are well aware of the difficulties presented in attempting to overthrow the opinion presented in the Robertson case, but we believe such opinion is founded upon false premises, and that the reasons assigned therefor are unsound, and dangerous to the peace and liberties of our people; for if this court can read out of the Penal Code article 551 for the reasons assigned in the Robertson case, and in this case, it can read out every other section of the Code, upon the same reasons; and instead of the Legislature having adopted a code of laws of this State, they will have, in effect, adopted nothing, and the object sought by the constitutional revision will be set at naught, and codification of laws at regularly stated periods be turned into a legislative farce. It will be found, no doubt, that there are many sections of the Penal Code which were incorporated by the codifiers, because they had been sustained by judicial decision of this court, and it may be that in the fullness of time this court will, as it has very frequently done before, reverse itself, and overrule many more of its decisions previously rendered. In such event, following the precedent established in the Robertson case and in this case, the sections then upon which the judicial decisions shall rest should be read out of the Code by the court. Such a result would be confusion worse confounded. It would be far better that there never should be a revision of the Code than to have the revision which does not revise, and which is subject to repeal by judicial decision from which there is no appeal; instead it would be far better to sustain the Code as the Legislature has passed it, and to leave it to future Legislatures to correct legislative errors, if errors, in the legislative manner, towit, by repeal.

"It is stated by the majority of this court that the question under discussion is settled by the opinion in the Robertson case, but no question is settled until it is settled right. In the Simons case, the defendant was convicted, and the conviction permitted to stand upon what now this court by the majority thereof says was not a law. The defendant in this case stands convicted, and if the conviction shall stand, must serve a term of two years in the State penitentiary. In the fullness of time it may be as in the Simons case, that the decision of the majority of this court in the Robertson case, and in this case will be overthrown, and the position taken by the appellant herein be fully sustained, but this court can not restore to the citizen his liberty, of which he would be thus deprived, nor can the State compensate him for having marked him as a felon. Even death may, in the interim, lay its hand upon him, and though the question may eventually be settled right, it would make small difference to defendant, unless it be settled now. The prevailing opinion does not overrule the previous decisions, but denies the Legislature had power to enact or re-enact a statute when not in conflict with the Constitution. The courts have not power to enact or repeal legis-

lation.   Article 2, section 1, Constitution, prohibits such action by the Judicial Department.

"The decision of the majority of this court in the Robertson case and in this case is error of the most serious nature.   The judgment of this court ought to be reversed, and the appellant dismissed for the reasons above stated."