

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 2, 1958

Honorable Penn J. Jackson
Chairman
State Board of Insurance
Austin 14, Texas

Dear Mr. Jackson:

Opinion No. WW-494

Re: Compensation of members
of the State Board of
Insurance for the fiscal
year ending August 31,
1959.

     You have requested an opinion concerning Item 1 of the appropriation under the heading "Board of Insurance Commissioners" contained in House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, Chapter 385, page 870, at page 1006. Your questions are as follows:

> "1. Is the Comptroller lawfully authorized to pay the members of the State Board of Insurance their compensation beginning September 1, 1958, from such appropriations for salaries and wages enumerated in House Bill 133?
>
> "2. Commencing September 1, 1958, when the members of the State Board of Insurance devote full time to the duties of their offices, and so certify, may they be paid out of such appropriations at the rate of 1/12th of the annual appropriation each month?
>
> "3. If Question No. 2 is answered in the negative, then please inform us what specific showing or certificate will be required on the per diem account of the members for this compensation."

     Item 1 reads as follows:

| | "For the Years Ending | |
| --- | --- | --- |
| | August 31, 1958 | August 31, 1959 |
| "For Salaries and Wages: | | |
| "1. Commissioners, at $15,000 . . . . . . | $ 45,000 | $ 45,000" |

Senate Bill 222, Acts of the 55th Legislature, Regular Session, Chapter 499, page 1454, amended the Texas Insurance Code by creating the State Board of Insurance and the new official position of Commissioner of Insurance. Subdivision (b) of Article 1.02 of the Insurance Code as amended by Senate Bill 222 provides as follows:

"(b) All of the powers, functions, authorities, prerogatives, duties, obligations and responsibilities, heretofore vested in and devolving upon the Board of Insurance Commissioners as heretofore constituted under prior statutes; the Chairman of said Board; the Life Insurance Commissioner; the Fire Insurance Commissioner; and the Casualty Insurance Commissioner, shall hereafter be vested in the State Board of Insurance as a body, and except as provided herein, they shall be exercised, performed, carried out, and administered by the Commissioner of Insurance as the chief executive and administrative officer of the Board in accordance with the pertinent laws of this state and the rules and regulations for uniform application made by the Board and subject to supervision of the Board. The duties of the State Board of Insurance shall be primarily in a supervisory capacity and the carrying out and administering the details of the Insurance Code shall be primarily the duty and responsibility of the Commissioner of Insurance acting under the supervision of the Board."

Subdivision (b) of Article 1.05 of the Insurance Code is amended by Senate Bill 222 provides as follows:

"(b) The members of the Board shall receive compensation until August 31, 1958 at the rate of Fifteen Thousand Dollars ($15,000.00) per year and thereafter shall receive a per diem of Fifty Dollars ($50.00) per day for each day devoted to their duties but the total amount of per diem for each Commissioner in any year shall not exceed that amount set forth in the General Appropriation Bill. In addition to the per diem the members shall be entitled to their actual expenses but in no event more than allowed in the General Appropriation Bill."

On the very wording of subdivision (b) of Article 1.05 it was contemplated by the Legislature that the compensation provided for therein would be provided in the General Appropriation Bill, and in passing the General Appropriation Bill the Legislature recognized the provisions of Senate Bill 222, since it appropriated money for the compensation of the Commissioner of Insurance, which position was created by the provisions of Senate Bill 222. Attorney General's Opinion WW-166 (1957).

Therefore, you are advised in answer to Question No. 1 that the compensation for the members of the State Board of Insurance may be paid by the Comptroller of Public Accounts out of moneys appropriated in Item 1 of the appropriation above quoted.

After August 31, 1958, the provisions of subdivision (b) of Article 1.05, Texas Insurance Code, limits the amount of compensation that may be paid each member of the Board to $50.00 per day for each day devoted to their duties, not to exceed the amount set out in the General Appropriation Bill. The General Appropriation Bill sets this amount at $15,000 each for the fiscal year ending August 31, 1959. Therefore, the members of the State Board of Insurance are limited to a per diem of $50.00 per day, not to exceed 300 days during the fiscal year ending August 31, 1959. Since the provisions of Article 1.05 supra specifically provided for an annual salary for the fiscal year ending August 31, 1958, and a per diem thereafter, you are advised in answer to your second question that the members of the State Board of Insurance cannot be paid at the rate of 1/12th of the annual appropriation for their compensation, but are entitled to be paid their per diem provided in Article 1.05.

In holding that the provisions of Article 1.05 limit the amount of compensation that may be paid the members of the State Board of Insurance, we are not unmindful of the provisions of Senate Bill 58, Acts of the 55th Legislature, 1957, Regular Session, Chapter 4, page 5, which suspends the salary laws for State officers and State employees for the period beginning September 1, 1957, and ending August 31, 1959. Senate Bill 58 was passed by the Legislature on February 13, 1957, while Senate Bill 222 was passed May 23, 1957. Senate Bill 222 being the later enactment of the Legislature, must control over the provisions of Senate Bill 58. Ex parte de Jesus de la O, 227 S.W.2d 212 (Tex. Crim. 1950); Wright v. Broeter, 145 Tex. 142, 196 S.W.2d 82 (1946); Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); Stevenson v.

State, 159 S.W. 505 (Tex. Crim. 1913); Parshall v. State, 138 S.W. 759 (Tex. Crim. 1911).

Article 4359, Vernon's Civil Statutes, provides in part:

"It is hereby provided that a department, court, school, or other state agency may prepare and present payroll claims to the Comptroller prior to the end of the payroll period, which said payroll claims shall be verified by affidavit as to services theretofore actually performed within such payroll period prior to the date of such payroll claims; and such payroll claims need not be verified by affidavit as to any services to be performed during such payroll period subsequent to the date of such payroll claims. Such claims when so presented shall be prepared and approved as otherwise provided below. The Comptroller shall accept such payroll claim when presented and prepare warrants in payment thereof prior to date such claims become due and payable, and hold such warrants for delivery until the claims become due and payable. Such warrants shall be dated as of the due date of the claim and shall not be delivered to the claimant until the end of the pay period. The Treasurer is hereby authorized to countersign such warrants and to make such entry as to properly take them into account. In order that such warrants may be ready for delivery at the end of the pay period the Comptroller is authorized to make such rules and regulations as may be necessary for filing payroll claims in advance of the pay period, and for the preparation and writing of warrants in payment thereof to adequately and properly achieve such purpose."

We know of no provision which would prohibit the members of the State Board of Insurance from being carried on the payroll of your Department. Therefore, the provisions of Article 4359 would authorize you to have prepared and present payroll claims of your Department to the Comptroller, including the claim for the compensation of each member of the State Board of Insurance. The only additional fact that must be shown on the payroll is the number of days claimed by each member for the particular payroll period. As stated above, the only limitation in the amount of compensation is $50.00 a day, not to exceed 300 days for the fiscal year ending August 31, 1959.

Honorable Penn J. Jackson, Page 5 (WW-494).

## SUMMARY

Each member of the State Board of Insurance after August 31, 1958, may be paid $50.00 per day compensation for each day devoted to his duties not to exceed 300 days for the fiscal year ending August 31, 1959, and such compensation may be paid out of the appropriation contained in Item 1 of the appropriation under the heading "Board of Insurance Commissioners" in House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, Chapter 385, page 870, at page 1006.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
John Reeves
Assistant

JR:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Ray Loftin

J. C. Davis, Jr.

E. M. DeGeurin

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert