

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

December 11, 1973

The Honorable Hal Hood
Firemen's Pension Commissioner
503-F Sam Houston St. Office Bldg
Austin, Texas 78701

Dear Commissioner Hood:

Opinion No. H- 179

Re: Where city refuses to
match firemen's increased
contribution to retirement
program

The facts you have submitted to us indicate that the firemen of Beaumont
have voted to raise their contributions to the Firemen's Relief and Retirement
Fund from 6% per month of their salary to 9%. The city, on the other hand,
has refused to match their contribution on the ground that there is an apparent
conflict between § § 10A and 10A-2 of Article 6243e, Vernon's Texas Civil
Statutes, the Act creating the Firemen's Relief Pension Fund. The Article was
amended by Acts 1971, 62nd Leg., p. 851, ch. 101, which reenacted § § 10A and
10A-2 to enlarge their scope. As so amended the portions of the sections which
are in conflict are:

> "Section 10A. (a) In all cities having fully paid
> firemen where Firemen's Relief and Retirement Funds
> now exist or shall be created under the provisions of
> this Act and having a population of less than two hundred
> ten thousand (210,000), inhabitants according to the pre-
> ceding Federal Census, the city or the governing body of
> the city shall deduct an amount equal to no less than three
> per cent (3%) nor more than six per cent (6%) from the
> monthly salary or compensation of each participating mem-
> ber fireman."

> "Section 10A--2. (a) In all cities having fully paid
> firemen where Firemen's Relief and Retirement Funds
> now exist or shall be created under the provisions of this
> Act and having a population of less than two hundred ten
> thousand (210,000), according to the last preceding Federal

> Census, the city or the governing body of the city shall
> deduct an amount equal to no less than three per cent
> (3%) nor more than nine per cent (9%) from the monthly
> salary or compensation of each participating member
> fireman; provided, however, that the total of the percen-
> tage contributed by such city to the Fund, plus the per-
> centage, if any, contributed by such city under the Federal
> Social Security Act, shall not exceed:
> > (1) nine per cent (9%) of the monthly salary, or
> > (2) the total percentage contributed to the retirement
> of other full time employees of such city under the Texas
> Municipal Retirement System, or any other retirement
> system, whichever is greater." (Emphasis added)

The population of Beaumont according to the 1970 Federal Census was slightly less than 116,000. Therefore, it is subject to these provisions.

The cardinal rule of interpreting statutes is to "look diligently for the intention of the Legislature." Article 10, Vernon's Texas Civil Statutes. Where, as in this case, two parts of the same statute appear to be in irreconcilable conflict, the part or provision later in position prevails as the latest expression of the legislative will, and has the effect of repealing the other part insofar as there is irreconcilable conflict. 53 Tex. Jur. 2d, Statutes, § 101. In the case of Stevens v. State, 159 S. W. 505, 507 (Tex. Crim. 1913) the court cited Parshall v. State, 138 S. W. 759, 767 (Tex. Crim. 1911) and quoted from it as follows:

> "The different sections or provisions of the same
> statute or Code should be so construed as to harmonize
> and give effect to each, but, if there is an irreconcilable
> conflict, the later in position prevails."

Since both § 10A (a) and § 10A-2(a) of Article 6243e were re-adopted in the 1971 Act, the only basis to give one of them precedence over the other is their relative position in the Act. We therefore hold that, as applicable to cities of less than 210,000, Article 6243e, V. T. C. S., should be read as authorizing the deduction of contributions from the monthly salary of each participating member fireman of not less than 3% nor more than 9%. This does not necessarily mean

that a city, whose firemen have voted to make the maximum contribution , must likewise make a contribution in that amount. Section 10A-2(c), the mandatory provisions of the statute, require the city to contribute only an amount equal to the sum paid by salary deductions of members but, under no circumstances shall the total of the percentage contributed by the city plus the contribution to the Federal Social Security Act exceed 9% of the member's monthly salary or the total percentage contributed to the retirement of other full-time employees of the city under the Texas Municipal Retirement System, whichever is greater. Thus, there are definite limitations on the contribution to be made by the city and the upper limit may be either more or less than 9% depending upon the facts which we do not have before us.

## SUMMARY

Because § 10A-2 of Article 6243e, Vernon's Texas Civil Statutes, is later in position to § 10A(a) of the same Article, the former section controls and the maximum contribution which may be made to the Firemen's Relief and Retirement Fund by a fireman member is 9% rather than 6%. Cities are required to make a correspondingly higher contribution subject to the limitations imposed by the statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee