

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 18, 1974

The Honorable Clayton T. Garrison
Executive Director
Texas Parks & Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 260

Re: The licensing system
for the use of aircraft
in the control of
predator animals

Dear Mr. Garrison:

You have requested our opinion on questions arising out of an apparent conflict between two statutes passed by the 63rd Legislature. Both relate to the use of aircraft for predator animal control. The first bill passed was Senate Bill 251, published as Acts 1973, 63rd Leg., ch. 20, p. 23. The second was Senate Bill 44, published as Acts 1973, 63rd Leg., ch. 147, p. 348. Both can be found in Vernon's Texas Penal Code Auxiliary Laws in the note to Article 901.

S. B. 251 was enacted by the Legislature on March 22, 1973, and applies to eight named counties. S. B. 44 was subsequently enacted on May 18, 1973, and applies to 155 named counties, including the eight counties to which S. B. 251 applies. However, S. B. 44 includes no express repealer provision, either as to S. B. 251, or to other laws in general.

The rule in regard to construction of acts of the same session on the same subject is that the whole must be taken and construed as one act, and to make a later provision repeal a former, there must be an express repeal or an irreconcilable repugnancy between them. Wright v. Broeter, 196 S. W. 2d 82 (Tex. 1946); Cain v. The State, 20 Tex. 355 (1857); 53 Tex. Jur. 2d Statutes § 105 (1964); 1A Sutherland, Statutory Construction § 23.17 (4th ed. 1972).

Each of these Acts is complete within itself in establishing a system for the regulation of hunting predator animals from aircraft.

Upon comparison, we note differences between the two Acts in the following particulars: The definitions of "predator animals" differ, the conduct made punishable differs, the ranges of fines which may be imposed differ, the information to be contained in an affidavit to accompany a permit application differs, the information which may be required to be included in the quarterly report differs, the type of notice and hearings pursuant to issuance of regulations differs and one Act authorizes an annual fee while the other does not. There are eight counties to which both Acts apply.

We cannot conceive of any interpretation of the two Acts by which they could be reconciled and harmonized as to the eight counties covered by both Acts. We conclude that the two Acts are in irreconcilable conflict.

When two acts of the same session of the Legislature cannot be harmonized or reconciled, that statute which is the latest expression of the will of the Legislature will operate to repeal the prior statute of the same session to the extent of any conflict in their terms. Ex parte de Jesus de la O, 227 S.W. 2d 212 (Tex. Crim. App., 1950); Wright v. Broeter, 196 S.W. 2d 82 (Tex. 1946); Townsend v. Terrell, 16 S.W. 2d 1063 (Tex. 1929); Stevens v. State, 159 S.W. 505 (Tex. Crim. App. 1913); Parshall v. State, 138 S.W. 759 (Tex. Crim. App. 1911); 53 Tex. Jur. 2d Statutes § 105 (1964); lA Sutherland, Statutory Construction § 23.17 (4th ed. 1972); Attorney General Opinion V-990 (1950).

It is our opinion that S.B. 44, the 155-county Act impliedly repealed in its entirety the eight-county S.B. 251 which had been enacted earlier in the same session. Therefore, the Department is to be guided by the requirements of the later legislation in all respects.

Our determination is supported by the deliberations of the House subcommittee when it considered S.B. 44. There it was indicated that the 155-county bill was intended to supercede the earlier legislation. See the recording of the April 5, 1973, meeting of the Wildlife Subcommittee of the House Committee on Environmental Affairs on file with the House of Representatives.

## SUMMARY

The licensing system for the use of aircraft in the control of predatory animals is controlled by Acts 1973, ch. 147, p. 348, which repealed Acts 1973, ch. 20, p. 23.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee