**Rudy S. ESQUIVEL, Justice of the Peace, Appellant,**

v.

**County Judge Blair REEVES et al., Appellees.**

**No. 6627.**

Court of Civil Appeals of Texas, El Paso.

July 20, 1977.

Sam C. Bashara, San Antonio, for appellant.

Ted Butler, Crim. Dist. Atty., Norris W. Yates, Jr., Asst. Dist. Atty., San Antonio, for appellees.

OPINION

OSBORN, Justice.

In this case the issue is presented as to whether the Commissioners Court of a county may provide facilities for Justice of the Peace Courts at a location other than at the courthouse for a Justice of the Peace whose precinct includes the courthouse.

We conclude that they may do so, and we affirm.

The Appellant, the duly elected Justice of the Peace of Precinct 1, Place 2, Bexar County, filed suit for injunctive relief to require the Commissioners Court to reverse an order transferring his Court from the main courthouse in San Antonio to a newly constructed Courts and Jail Building about three blocks from the courthouse. Only a partial statement of facts has been filed, but the evidence contained therein establishes the location of the main courthouse and its overcrowded condition, and the record contains testimony from Appellant that he did not consider the new facility suitable for a court, primarily because of the close proximity to the jail. It was also established by request for admissions that Appellant is the duly elected Justice of the Peace, Precinct 1, Place 2, that the Bexar County courthouse is located in Precinct 1, and that the Precinct contains more than 75,000 inhabitants.

■ At the conclusion of the evidence, the Court granted Appellees' motion for an instructed verdict. Appellant presents one point of error contending "THE TRIAL COURT ERRED IN INSTRUCTING A VERDICT IN FAVOR OF THE APPELLEES." Although the point does not direct the attention of the Court to the error relied upon, as required by Rule 418, Tex.R. Civ.P., we do consider the argument presented under the point. *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112 (Tex.1976).

■ The basic issue presented concerns the obligations and authority of the Commissioners Court under two different statutes. The Appellant contends he is entitled to have his office in the main courthouse because Tex.Rev.Civ.Stat.Ann. art. 2379 provides:

"When the justice precinct where the courthouse of any county is located contains more than seventy-five thousand inhabitants, the commissioners court of said county shall provide and furnish a suitable place in such courthouse for such justice to hold court."

The Appellees contend that they properly relocated the Justice of the Peace with the new jail facility under Tex.Rev.Civ.Stat. Ann. art. 2370b, Sec. 1, which, in part, provides:

"Section 1. Whenever the Commissioners Court of any county determines that the county courthouse is not adequate in size or facilities * * *, the Commissioners Court may * * * [acquire an additional building] in which any one or more of the county or district offices or county, district or justice of the peace courts * * * may be housed, conducted and maintained * * *."

In this case Article 2370b, which was passed in 1957, did not expressly repeal Article 2379, which was enacted in 1919. Nevertheless, we conclude that there is a positive repugnance between the provisions, and the latter expression of legislative intent must be controlling. *City of Dallas v. Brown,* 475 S.W.2d 833 (Tex.Civ.App.—Dallas, 1971, wit ref'd n. r. e.); *Stevens v. State,* 70 Tex.Cr.R. 565, 159 S.W. 505 (1913).

Of course, the fundamental rule in the construction of statutes is to ascertain and give effect to the intention of the Legislature. *Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593 (Tex.1975); *Calvert v. Texas Pipe Line Company* 517 S.W.2d 777 (Tex. 1974). With regard to construction of civil statutes, Tex.Rev.Civ.Stat.Ann. art. 10, Sec. 6, provides:

"6. In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy."

When we follow that mandate, we find that when the old law, i. e., art. 2379, was passed in 1919, Texas was largely a rural area. By 1957, many counties contained fast-growing urban areas which resulted in overcrowded, outmoded courthouses. This was particularly true because of the increase in the number of courts being created by the Legislature to meet the needs of an urban society. In order to meet the problem caused by the creation of new courts, the Legislature provided a remedy.

**154**

It empowered Commissioners Courts with the right to locate County and District Courts and Justice of the Peace Courts in other buildings besides the courthouse.

The May 12, 1976 Opinion No. H–821 of the Attorney General of Texas neither mentioned nor considered Article 2370b, and it is in error in concluding that the Commissioners Court may not locate a Justice of the Peace at a place other than the courthouse as earlier required by Article 2379.

We conclude that the Bexar County Commissioners Court had authority to locate Appellant's office and Court in a building other than the main courthouse. The Appellant's point of error is overruled. The judgment of the trial Court is affirmed.