

# The Attorney General of Texas

July 17, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. L. L. Bowman, III
Commissioner
Texas Savings & Loan Department
2601 North Lamar, Suite 201
Austin, Texas    78705

Opinion No. JM-525

Re: Whether a person appointed as conservator, supervisor, or liquidating agent under article 852a, V.T.C.S., is a state employee for purposes of chapter 104, of the Civil Practices and Remedies Code

Dear Mr. Bowman:

You ask about the employment status of conservators, supervisors, and liquidating agents appointed by the Texas Savings and Loan Commissioner under sections 8.05, 8.08, 8.09, and 8.11 of article 852a, V.T.C.S. In particular you ask whether such persons are employees of the state for purposes of sections 104.001 and 104.008 of the Civil Practice and Remedies Code.

Chapter 8 of the Savings and Loan Act, article 852a, V.T.C.S., provides for the regulation of savings and loan associations by the Texas Savings and Loan Department and the Savings and Loan Commissioner. The commissioner has authority, under specified circumstances, to appoint conservators, supervisors, and liquidating agents to oversee the affairs of particular savings and loan associations.

If the savings and loan commissioner has reasonable cause to believe that there are grounds for intervention in the affairs of a savings and loan association, he may enter an order placing the affairs of that savings and loan association under the control of a conservator. V.T.C.S. art. 852a, §8.05(a)(4). The powers and duties of a conservator are set out in section 8.08 of article 852a:

> (c) The conservator and any deputy or assistant conservator appointed by the commissioner, on behalf of and under the supervision and direction of the commissioner, shall take charge of the books, records, property, assets, liabilities, and business of the association and shall conduct the business and affairs of the association. The conservator shall undertake the removal of the causes and conditions that necessitated the conservatorship. During the conservatorship, the conservator shall

> make such reports to the commissioner as the com-
> missioner requires. The conservator shall take
> necessary measures to preserve, protect, and recover
> the assets or property of the association, including
> claims or causes of action belonging to or that may
> be asserted by the association. The conservator may
> deal with that property in the capacity of con-
> servator and may file, prosecute, or defend against
> a suit by or against the association if the con-
> servator considers this action necessary to protect
> the interested party or property affected by the
> suit.
>
> . . . .
>
> (e) The commissioner shall determine the cost
> incident to the conservatorship, and this cost shall
> be paid out of the assets of the association as the
> commission directs. (Emphasis added).

V.T.C.S. art. 852a, §8.08(c), (e).

Also, the board of directors of a savings and loan association may voluntarily consent to being placed under supervisory control. V.T.C.S. art. 852a, §8.11. In that case, the commissioner may appoint a supervisor who has the powers of a conservator under section 8.08. Id. Because the legislature defined a supervisor's powers by reference to a conservator's powers, we think that the legislature intended a supervisor's powers, like a conservator's powers, to be subject to the supervision and direction of the commissioner.[1] Also, section 8.11, like section 8.08, provides that the cost of supervisory control "shall be fixed by the commissioner and paid by the association."

---

1. Before August 26, 1985, the commissioner had no authority to appoint conservators or liquidating agents, but he did have authority, with the consent of the board of directors of the savings and loan association, to appoint a supervisory agent for a particular savings and loan association. Acts 1977, 65th Leg., ch. 239, at 642 (codified as article 852a, §8.18; deleted by Acts 1985, 69th Leg., ch. 231, at 1929). A supervisory agent had essentially the same function as a supervisor has under the 1985 revision of chapter 8 of article 852a. The prior provision authorizing the appointment of supervisory agents explicitly made them subject to the instructions and supervision of the commissioner. Acts 1977, 65th Leg., ch. 289, at 644.

If the commissioner finds that a savings and loan association cannot be rehabilitated, he may issue an order of liquidation appointing a liquidating agent and dissolving the association. V.T.C.S. art. 852a, §8.09(b). A liquidating agent, like a conservator or a supervisor, exercises his powers under the supervision of the commissioner. V.T.C.S. art. 852a, §8.09(c). The statutes governing liquidating agents do not specify how the costs of liquidating agents are to be paid.

You ask whether conservators, supervisors, and liquidating agents are "employees" for purposes of sections 104.001 and 104.008 of the Civil Practice and Remedies Code. Section 104.001 provides:

> In a cause of action based on conduct described in section 104.002, the state is liable for actual damages, court costs, and attorney's fees adjudged against:
>
> (1) an employee, a member of the governing board, or any other officer of a state agency, institution, or department;
>
> (2) a former employee, former member of the governing board, or any other former officer of a state agency, institution, or department who was an employee or officer when the act or omission on which the damages are based occurred;
>
> (3) a physician licensed in this state who was performing services under a contract with the Disability Determination Division of the Texas Rehabilitation Commission or the Texas Department of Mental Health and Mental Retardation when the act or omission on which the damages are based occurred;
>
> (4) a person serving on the governing board of a foundation, corporation, or association at the request and on behalf of The University of Texas System; or
>
> (5) the estate of a person listed in this section. (Emphasis added).

Section 104.002 provides:

> The state is liable under this chapter only if the damages are based on an act or omission by the person in the course and scope of the person's

office, <u>employment</u>, or contractual performance for or service on behalf of the agency, institution, or department and if:

> (1) the damages arise out of a cause of action for negligence, except a wilful or wrongful act or an act of gross negligence; or

> (2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state or the United States, except when the court in its judgment or the jury in its verdict finds that the person acted in bad faith. (Emphasis added).

Section 104.008 provides:

> <u>This chapter does not waive a defense, immunity, or jurisdictional bar available to the state or its officers, employees, or contractors.</u> (Emphasis added).

The legislature did not define "employee" for purposes of section 104.002 or section 104.008 of the Civil Practice and Remedies Code. Therefore, in defining "employee" for purposes of those provisions we must rely on context and common usage. Government Code §311.011.

Section 104.001 is an indemnity statute, and the consequence of determining that a person is an employee of the state is that the state becomes liable for damages based on certain conduct by the employee. <u>See</u> Civil Practice and Remedies Code §104.002. Therefore, it is useful in determining the definition of "employee" for purposes of section 104.001 to look to definitions of "employee" in tort cases in which employer liability depends on the tortfeasor's being an employee rather than an independent contractor. <u>See also</u> Civil Practice and Remedies Code §101.001(1) (definition of "employee" for purposes of Tort Claims Act excludes "independent contractor").

In such cases the crucial test in determining whether someone is an employee is whether the employer has the right to control the details of the work. <u>Newspapers Inc. v. Love</u>, 380 S.W.2d 582, 591 (Tex. 1964). <u>See also</u> Attorney General Opinions H-180 (1973); H-94 (1973). Also, it is the right to control the details of the work rather than the exercise of that right that governs the issue of whether someone is an employee. <u>Great Western Drilling Co. v. Simmons</u>, 302 S.W.2d 400, 403 (Tex. 1957). As we pointed out above, the savings and loan commissioner, who is an employee of the finance commission, has the right to control the work of conservators, supervisors, and liquidating agents. V.T.C.S. art. 852a, §§8.08(c),

8.09(c), and 8.11; see also art. 342-205(a) (savings and loan commissioner is employee of finance commission and subject to its orders and directions). Therefore, we think that conservators, supervisors and liquidating agents are "employees" for purposes of section 104.001. Since section 104.008 uses the term "employees" in reference to the other provisions of chapter 104 of the Civil Practice and Remedies Code, it follows that conservators, supervisors, and liquidating agents are "employees" for purposes of section 104.008 as well.

You are apparently concerned about the employment status of conservators and supervisors because conservators and supervisors are paid out of the assets of a particular savings and loan association. (The statutes do not specify how liquidating agents are to be paid.) We do not think that the source of payment determines the question of whether conservators and supervisors are state employees. This office has noted before that, under some circumstances, "a person may bear the relationship of employee to another even though the other is not paying his salary or wages." Attorney General Opinion H-94 (1973), citing J. A. Robinson Sons, Inc. v. Wigart, 431 S.W.2d 327, 330 (Tex. 1968) (discussing matter of "borrowed servants"). In Riverbend Country Club v. Patterson, 399 S.W.2d 382, 384 (Tex. Civ. App. - Eastland 1965, writ ref'd n.r.e.), the court upheld a finding that caddies were employees of a golf club even though the caddies were paid directly by the players. In Magnolia Petroleum Co. v. Francis, 169 S.W.2d 286, 288 (Tex. Civ. App. - Beaumont 1943, writ ref'd), the court held that the fact that a shipowner paid employees during the time they worked for another did not establish that they were the shipowner's employees during that time. Likewise, in this case we do not think that the fact that conservators and supervisors are paid out of the assets of savings and loan associations precludes a finding that they are employees of the state.

We do note that article 342-205(b) contains the following language:

> Each Deputy Savings and Loan Commissioner, the Savings and Loan Examiners, each Hearing Officer, and all other officers and employees of the Savings and Loan Department shall receive such compensation as is fixed by the Finance Commission which shall be paid from the funds of the Savings and Loan Department. (Emphasis added).

That language was added to article 342-205 by Acts 1973, 63rd Leg., ch. 25, §1, at 37. The language in sections 8.08 and 8.11 that specifies that conservators and supervisors shall be paid out of the assets of a particular savings and loan association was added later. Acts 1985, 69th Leg., ch. 231, at 1929. Therefore, the later provisions that create employees who are not paid out of the funds of

the Texas Savings and Loan Department should be read as exceptions to the general language of article 342-205. Stevens v. State, 159 S.W. 505, 506 (Tex. Crim. App. 1913) (where statutes conflict, later statute controls); Cuellar v. State, 521 S.W.2d 277, 279 (Tex. Crim. App. 1975) (special statute controls over general statute). Thus, article 342-205(b) does not preclude conservators and supervisors from being employees of the state for purposes of sections 104.001 and 104.008 of the Civil Practice and Remedies Code.

Because the savings and loan commissioner has the right to control the details of the work of conservators, supervisors, and liquidating agents, we conclude that they are employees of the state for purposes of sections 104.001 and 104.008 of the Civil Practice and Remedies Code.

S U M M A R Y

Conservators, supervisors, and liquidating agents appointed under chapter 8 of article 852a, V.T.C.S., are employees of the state for purposes of sections 104.001 and 104.008 of the Civil Practice and Remedies Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General