Honorable Wilson E. Speir Director Texas Department of Public Safety 5805 N. Lamar Boulevard Box 4087 Austin, Texas 78773
Re: Interpretation of the motor vehicle inspection statute in light of two amendments to the Act passed by the 65th Legislature.
Dear Colonel Speir:
You have requested our opinion regarding the construction of two amendments to section 140 of article 6701d, V.T.C.S., both enacted by the 65th Legislature. Senate Bill 1302, Acts 65th Leg., amends subsections (e) and (f) of section 140, as follows:
 (e) After the period designated for the inspection, no person shall operate on the highways of this State any motor vehicle registered in this State unless a valid certificate of inspection is displayed thereon as required by this Section. It is a defense to a prosecution under this Section that a valid inspection permit for the vehicle is in effect at the time of the arrest. Any peace officer of the Department of Public Safety, or any sheriff or deputy sheriff, or any City policeman who shall exhibit his badge or other signs of authority, may stop any vehicle not displaying this inspection certificate as required by the Department and require the owner or operator to produce an official inspection certificate for the Vehicle being operated.
 (f) All motor-assisted bicycles shall be subject to annual inspection in the same manner as are motorcycles, except (1) the fee for inspection shall be Two Dollars ($2.00), One Dollar ($1.00) of which shall be paid to the Department to be placed in the Motor Vehicle Inspection Fund and used for the purposes prescribed by law, and (2) the only items of equipment required to be inspected are the brakes, headlamps, and reflectors, which are required to comply with the standards prescribed in Section 184 of this Act. The Department shall promulgate rules and regulations relating to the inspection of motor-assisted bicycles and the issuance and display of inspection certificates with respect to those vehicles.
House Bill 1772, Acts 65th Leg., amends subsection (e) by adding the following:
 (e) After the fifth (5th) day following the expiration of the period designated for the inspection, no person shall operate on the highways of this State any motor vehicle registered in this State unless a valid certificate of inspection is displayed thereon as required by this Section and any inspector or patrolman of the Department of Public Safety, or any sheriff or deputy sheriff, or any City policeman who shall exhibit his badge or other signs of authority, may stop any motor vehicle not displaying this inspection certificate on the windshield and require the owner or operator to produce an official inspection certificate for the Motor Vehicle being operated.
(Language added by the 65th Legislature is emphasized.) House Bill 1772 does not purport to amend subsection (f), but merely to redesignate it as subsection (i).
Senate Bill 1302 was passed by the Senate on May 12, 1977, and was approved by the House of Representatives on May 26, 1977. The House passed House Bill 1772 on April 28, 1977, and the Senate ratified it on May 28, 1977. In Ex parte Jesus De La O,227 S.W.2d 212 (Tex.Crim.App. 1950), the court held that
 [w]here two acts passed at the same session of the legislature cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, and the latter act will stand as the final expression of the legislative will.
Id. at 213. See Code Construction Act, V.T.C.S. art. 5429b-2, § 3.05(b). Thus, unless the two bills can be harmonized, House Bill 1772 must prevail, since it was finally enacted two days later than Senate Bill 1302. In our opinion, however, there is only one portion of subsection (e) in which an irreconcilable conflict exists between the two amendments. House Bill 1772 amended subsection (e) only to provide an additional five-day grace period following the expiration of the period designated for a motor vehicle inspection, during which the operator of a motor vehicle may not be required to exhibit his inspection certificate. Since House Bill 1772 was enacted subsequent to Senate Bill 1302, this five-day provision must be deemed to be a part of the Senate bill's amendment of subsection (e).
The remainder of the two versions of subsection (e) may be harmonized. Senate Bill 1302 broadens the category of Department of Public Safety employees who may stop a suspect vehicle to include all `peace officers'; it permits an officer to `stop any vehicle not displaying this inspection certificate,' rather than merely any motor vehicle, and it creates a defense to prosecution `if a valid inspection permit for the vehicle is in effect at the time of the arrest.' Senate Bill 1302 also amends subsection (e) to permit an officer to stop a vehicle `not displaying this inspection certificate as required by the department.' (Emphasis added). House Bill 1772 retains the requirement that the certificate be displayed `on the windshield.'
In our opinion, the Senate version regarding this display requirement should prevail. As we have noted, the only change in subsection (e) effected by House Bill 1772 relates to the five-day grace period. In order to be constitutionally effective, however, it was necessary that the entire subsection be re-enacted and published at length. Tex. Const. art. 3, § 36; Buford v. State, 322 S.W.2d 366, 370 (Tex.Civ.App.-Austin 1959, writ ref'd n.r.e.), cert. denied, 361 U.S. 837 (1959); Ellison v. Texas Liquor Control Board, 154 S.W.2d 322, 325-26
(Tex.Civ.App.-Galveston 1941, writ ref'd). Furthermore, the rule that statutes in parimateria will be construed together applies with peculiar force to those enacted at the same session of the legislature. Wright v. Broeter, 196 S.W.2d 82, 85 (Tex. 1946). Accordingly, we believe that the broader and newlyenacted provision of Senate Bill 1302 relating to the display requirement should take precedence over the language of House Bill 1772, and that, as a result, an officer is authorized to stop any vehicle not displaying an inspection certificate `as required by the Department' of Public Safety.
As we have previously observed, House Bill 1772 does not purport to amend subsection (f), regarding the inspection fee for motor-assisted bicycles, but merely to redesignate it as subsection (i). Because of the later enactment of House Bill 1772, the re-designation must be deemed to prevail. In our opinion, however, the substantive change wrought in former subsection (f) by Senate Bill 1302 is effective to increase the inspection fee to two dollars, of which one dollar is to be placed in the Motor Vehicle Inspection Fund. Thus, the Senate bill's amendment to subsection (f) accurately states the law, but subsection (f) should be designated, after the effective date of the statute, as subsection (i).
 SUMMARY
Senate Bill 1302, Acts 65th Leg., is effective in its entirety to amend subsections (e) and (f) of section 140, article 6701d, V.T.C.S., except that the five-day grace period established by House Bill 1772, Acts 65th Leg., should be read into subsection (e), and the Senate Bill's subsection (f) should be re-designated as subsection (i).
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee