EX PARTE MARIA DE JESUS DE LA O.

No. 24770. March 1, 1950.

*Frank J. Galvan, Jr.,* El Paso, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an original application for writ of habeas corpus.

Relator is confined in the county jail of El Paso County by virtue of a commitment issued by the county clerk of said county upon her conviction on a plea of guilty in the El Paso County Court-at-Law.

Relator was charged by complaint and information with the offense of contributing to the delinquenecy of a minor as defined in Art. 534, Vernon's Ann. P. C., and her punishment was assessed at forty days' imprisonment in jail.

It is relator's contention that the judgment against her is void for want of jurisdiction of the El Paso County Court-at-Law to enter same.

The basis of this contention is that Art. 534, P. C., was

specifically repealed by Act of the 51st Legislature, Chapter 500, p. 924 (H.B. 656), now appearing as Art. 534(a), Vernon's Ann. P.C., and that in such act, the offense of contributing to the delinquency of a minor was re-defined, and exclusive jurisdiction of the offense conferred on the juvenile courts.

It is shown that the Thirty-fourth Judicial District Court has been designated as the Juvenile Court of El Paso County by the juvenile board of said county as directed by Acts of the 51st Legislature, Chapter 368, p. 702.

Prior to the year 1949, the offense of contributing to the delinquency of a minor was defined by Art. 534, P. C.

In an endeavor to strengthen the law as contained in said article, two bills were introduced in the 51st Legislature, being House Bill 656 and Senate Bill 425.

House Bill 656, now Art. 534(a) above mentioned, was finally enacted on June 21, 1949. The act carried the emergency clause and received a sufficient vote in each branch of the legislature to become effective upon its approval by the governor on June 29, 1949.

This act provides that the punishment for violation of such law shall be a fine not exceeding $500 or imprisonment in jail for not more than six months or both fine and imprisonment. It further provides for the suspension of sentence, with conditions as to future conduct of the defendant, and provides that the person convicted may be required to give bond to secure the performance of such conditions, and provides for the forfeiture of such bond. Exclusive jurisdiction for violation of the act is conferred on the juvenile court, and Art. 534, P. C., is expressly repealed.

On June 22, 1949, the day following final enactment of the above H. B. 656, the same legislature finally enacted S. B. 425 (Acts 51st Leg., Chapter 488, p. 910), amending Art. 534, P. C., being present Art. 534, Vernon's Ann. P. C., under which relator was charged and convicted. Such act did not become effective until 90 days after adjournment of the legislature.

This act contains no provision for suspension of sentence, conditional or otherwise, and no provision for bond and forfeiture of bond. The offense of contributing to the delinquency of a minor is defined and punishment by fine not exceeding $500

or imprisonment in jail not to exceed one year, or both, is provided for violation of the act.

The two acts each define, though in slightly different terms, the offense of contributing to the delinquency of a minor, but are inconsistent with each other in the particulars mentioned.

Where two acts passed at the same session of the legislature cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, and the latter act will stand as the final expression of the legislative will. See 39 Tex. Jur. 147, Sec. 78; Cain v. State, 20 Tex. App. 355; and Stevens v. State, 70 Tex. Cr. R. 565, 159 S. W. 505.

The two acts are in irreconcilable conflict, and therefore the latter act (S. B. 425, now Art. 534, Vernon's Ann. P. C.), being the latest expression of the legislature, will prevail over H. B. 656 (Art. 534(a), Vernon's Ann. P. C.).

Relator was convicted for an offense committed after the effective date of S. B. 425, now Art. 534, Vernon's Ann. P. C. The act is complete in itself, that is, the offense of which relator stands convicted is fully defined therein, and a punishment provided therein for its violation. Such punishment determines the offense to be a misdemeanor of which the El Paso County Court-at-Law has jurisdiction.

It is therefore unnecessary for this court to consider whether or not H. B. 656 was in effect from its approval on June 29, 1949, until S. B. 425 became effective 90 days after adjournment of the legislature.

Likewise it is unnecessary that we consider the question of validity of the provision of H. B. 656 attempting to confer exclusive jurisdiction of the offense on the juvenile court.

The application for writ of habeas corpus is denied.

Opinion approved by the court.

HAWKINS, Presiding Judge, absent.