

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 25, 1970

The Honorable Martin Dies, Jr.　　　Opinion No. M-600
Secretary of State
State Capitol Building　　　　Re: What statutes control
Austin, Texas　　　　　　　　　　the Secretary of State
　　　　　　　　　　　　　　　　　in his administrative
　　　　　　　　　　　　　　　　　forfeiture of charters
　　　　　　　　　　　　　　　　　and certificates of
　　　　　　　　　　　　　　　　　authority of corporations
　　　　　　　　　　　　　　　　　for failure to timely pay
　　　　　　　　　　　　　　　　　franchise taxes; and what
　　　　　　　　　　　　　　　　　statutes apply to his
　　　　　　　　　　　　　　　　　reinstatement of such
Dear Mr. Dies:　　　　　　　　　　charters and certificates?

　　　Your opinion request presents the following questions:

　　　"1.　Article 12.17(2), Taxation-General,
Vernon's Civil Statutes, Article 7.01B(1),
Texas Business Corporation Act, and Article [1396-]
7.01B(1), Texas Non-Profit Corporation Act all
provide for administrative forfeiture by the
Secretary of State for failure to pay franchise
tax.　Under which of the above statutes should
the Secretary of State forfeit the charter of
domestic corporations and Certificate of Author-
ity of foreign corporations for failure to pay
franchise tax in the time prescribed by law?

　　　2.　Does the $50.00 reinstatement filing
fee and the twelve month limitation in Article
7.01E. Texas Business Corporation Act and Article
[1396-] 7.01E, Texas Non-Profit Corporation Act
apply to reinstatement provisions of Article
12.17 3(b) Taxation-General, Vernon's Civil Statutes?"

　　　In answer to your first question, it is the opinion of this
office that the Secretary of State may forfeit the charter or
certificate of authority of a business corporation for failure
to pay franchise taxes under authority of Article 7.01B(1),

Texas Business Corporation Act and Article 8.16B(1) of the same Act, respectively, or under the authority of Article 12.17, Title 122A, Taxation-General, Vernon's Civil Statutes. Likewise, the Secretary of State may forfeit the charter or certificate of authority of a non-profit corporation under authority of Article 1396—7.01B(1), Texas Non-Profit Corporation Act and Article 8.15B(1), of the same Act respectively or under the authority of Article 12.17, supra.

These statutes were passed by the 61st Legislature in 1969. The language of Articles 7.01 and 8.16, Texas Business Corporation Act and Articles 7.01 and 8.15, Texas Non-Profit Corporation Act are identical in so far as they prescribe a procedure by which the Secretary of State may forfeit charters and certificates of authority of the respective corporations and thereafter reinstate such charters and certificates where the requirements for reinstatement, set out in those statutes, are met.

Article 12.17, supra, as amended in 1969, is a reinactment of the procedures theretofore given under Article 12.17 and provides additional procedures whereby charters of domestic corporations and certificates of authority of foreign corporations, administratively forfeited as provided by that Title, may be revived by the Secretary of State when the requirements for reinstatement set out in the statute, are met.

The grounds for forfeiture under 12.17, supra, are failure to pay the franchise tax, or file franchise tax reports. The grounds for forfeiture under the provisions of the Texas Business Corporation and Texas Non-Profit Corporation Acts, also include failure to pay the franchise tax or file franchise tax reports.

Article 12.17, supra, and the other provisions of the Texas Business Corporation Act and Texas Non-Profit Corporation Act, provide different procedures for the forfeiture and revival of charters and certificates of authority by the Secretary of State. Articles 7.01 and 8.16, Texas Business Corporation Act and Articles 7.01 and 8.15, Texas Non-Profit Corporation Act, were passed on the same day and are the last expression of the Legislature. In so far as there is any conflict between Article 12.17 and these later statutes in the Texas Business Corporation and Texas Non-Profit Corporation Acts, the latest expression of the Legislature would control. De Jesus de la O, In re 154 Crim.Rep. 326, 227 S.W.2d 212 (1950).

We do not regard the statutes as conflicting. We observe at the outset Section 9, of Senate Bill No. 603, which includes the amendments to Articles 7.01 and 8.15, of the Texas Non-Profit Corporation Act, and S.B. No. 604, which include the amendments to Articles 7.01 and 8.16, of the Texas Business Corporation Act. These two sections read as follows:

"Nothing in this Act shall invalidate any of the procedures hereby changed by this Act which have been initiated prior to the effective date of this Act, and under such circumstances /and/ the Secretary of State and any other state agency affected is authorized to proceed under the appropriate procedures authorized prior to this Act or as changed by this Act." (The word "and" in brackets was included in Sec. 9, of the Texas Non-Profit Corporation Act only.)

In 14 Tex.Jur.2d 642, Corporations, Section 544, it is said:

"Although dissolution or forfeiture of a charter terminates the existence of a corporation, our constitution and statutes preserve a distinction between forfeiture of a charter and dissolution. Statutory provisions relating to forfeitures of charters are found in portions of the Revised Statutes deemed to remain effective after enactment of the Business Corporation Act. With one exception, provisions relating to involuntary dissolutions are found in the Business Corporation Act."

Keeping in mind the above distinction in the statutes, dealing with different subject matter, we conclude that the statutes concerned are not amendatory of one another, and they do not present any conflict. Under Article 12.17, supra, dealing with franchise taxes only, the Secretary of State is required to determine that the corporation taxpayer has no assets from which a franchise tax judgment could be paid. Under the other cited statutes, dealing with corporations generally, no such requirement is provided therein. Our courts will adopt a construction of the statutes which avoids any conflict wherever possible.

The statutes clearly demonstrate the intent of the Legis-

lature to provide the Secretary of State with both the forfeiture and reinstatement procedures set out in Article 12.17, and the forfeiture and reinstatement procedures set out in the Texas Business Corporation Act and the Texas Non-Profit Corporation Act. The Secretary of State therefore may forfeit and reinstate charters and certificates of authority under either of the procedures provided, and the choice of remedies would be dictated by the facts of each case.

In answer to your second question, it is the opinion of this office that the reinstatement filing fees and the twelve month limitation in Article 7.01E, Texas Business Corporation Act, and Article 7.01E, Texas Non-Profit Corporation Act, do not apply to reinstatements or forfeitures under the provisions of Article 12.17, supra. These first two Articles are identical, except for the amount of the reinstatement filing fee, and provide, in part, as follows:

> "E. Any corporation dissolved by the Secretary of State under the provisions of Section B of this Article may be reinstated by the Secretary of State at any time within a period of twelve months from the date of such dissolution, . . . Reinstatement filing fee of $50.00 /$25.00/ shall accompany the application for reinstatement." ($25.00 for Non-Profit Corporations.) (Emphasis ours.)

This statutory language expressly limits the reinstatement requirements mentioned above to corporations dissolved by the Secretary of State under the provisions of Section B of Article 7.01 of the Texas Business Corporation Act and Section B of Article 7.01 of the Texas Non-Profit Corporation Act.

## SUMMARY

The Secretary of State may administratively forfeit charters and certificates of authority of corporations for failure to pay franchise taxes under authority of Articles 7.01 and 8.15, Texas Business Corporation Act, for business corporations, or under Articles 7.01 and 8.16, Texas Non-Profit Corporations Act, for Non-Profit Corporations. The Secretary of State may also forfeit charters and certificates of authority under the authority of Article 12.17, Title 122A, Taxation-General, V.C.S.,

where that statute is applicable.

The reinstatement filing fees and the twelve month limitation provided for reinstating charters forfeited under Section B of Article 7.01, of the Texas Business Corporation Act or under Section B of Article 7.01, of the Texas Non-Profit Corporation Act, do not apply to forfeitures made under authority of Article 12.17, supra.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Wardlow Lane
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Acting Co-Chairman
Thomas F. Sedberry
Robert Davis
William J. Craig
Ed Esquivel

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant