

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 3, 1971

Mr. Ogden Bass
Criminal District Attorney
Brazoria County Courthouse
Angleton, Texas 77515

Dear Mr. Bass:

Opinion No. M-1009

Re: Construction of Article
696a and Article 696a-1,
Vernon's Penal Code,
wherein they conflict.

You ask us to harmonize the provisions of Article 696a and Article 696a-1, Vernon's Penal Code. The amendment to Article 696a had a passage date of May 19, 1971. Article 696a-1 had a passage date of May 21, 1971.

You state that these two Acts appear to denounce the same offense, but that they prescribe different maximum penalties.

It will be necessary for clarity to set forth these two statutes in full.

Article 696a, as amended, reads as follows:

"Section 1. The following terms as herein defined, shall control in the construction and enforcement of this Act:

"(a) The term 'refuse' shall include garbage, rubbish, and all other decayable and non-decayable waste, including vegetable, animal and fish carcasses, except sewage from all public and private establishments and residences. As amended Acts 1957, 55th Leg., p. 480, ch. 230, §1.

"(b) The term 'garbage' shall include all decayable wastes, including vegetable, animal and fish offal and carcasses of such animals and fish, except sewage and body wastes, but excluding industrial

by-products, and shall include all such substances from all public and private establishments and from all residences. As amended Acts 1957, 55th Leg., p. 480, ch. 230, §2.

"(c) The term 'rubbish' shall include all non-decayable wastes, except ashes, from all public and private establishments and from all residences.

"(d) The term 'junk' shall include all worn out, worthless and discarded material, in general, including, but not limited to, odds and ends, old iron or other metal, glass, paper, cordage or other waste or discarded materials.

"(e) The term 'public highway' shall mean and include the entire width between property lines of any road, street, way, thoroughfare, bridge, public beach, or park in this state, not privately owned or controlled, when any part thereof is opened to the public for vehicular traffic or which is used as a public recreational area and/or over which the state has legislative jurisdiction under its police power. As amended Acts 1957, 55th Leg., p. 480, ch. 230, §3.

"Sec. 2. A. It shall be unlawful for any municipal corporation, private corporation, firm or person to dump, deposit, or leave any refuse, garbage, rubbish or junk on any public highway in this State, or county roads.

"B. It shall be unlawful for any municipal corporation, private corporation, firm or person to dump, deposit, or leave any refuse, garbage, rubbish or junk within or nearer than three hundred (300) yards of any public highway in this State, whether the refuse, garbage, rubbish, or junk being dumped, deposited, or left, or the land upon

which refuse, garbage, rubbish or junk is dumped, deposited or left belongs to the person or persons so dumping, depositing or leaving it or not.

"C.  The provisions of Subsection B of this Section shall not apply when such refuse, garbage, rubbish or junk is processed and treated in accordance with rules and standards promulgated by the State Department of Health.

"D.  The provisions of this Act shall not affect farmers in the handling of anything necessary in the growing, handling and care of livestock, or the erection, operation and maintenance of any and all such improvements that may be necessary in the handling, threshing and preparation of any and all agricultural products.

"E.  The State Department of Health shall promulgate rules and standards regulating the processing and treating of refuse, garbage, rubbish or junk dumped, deposited or left within or nearer than three hundred (300) yards of any public highway in this State.  As amended Acts 1963, 58th Leg., p. 764, ch. 291, §1.

"Sec. 3.  Any violation of this Act by any person, firm or private corporation, shall upon conviction, subject the offender to a fine of not less than $50 and not more than $400, and each day of any such violation shall be treated as a separate offense.  In the event of any threatened or probable violation of this Act by any public corporation, municipality, city, town or village, it shall be the duty of the County or District Attorney in the county in which such violation is threatened, to bring suit for injunction to prevent such threatened or probable violation.  Any person affected or to be affected by any such threatened or probable violation shall have the

right to enjoin such violation or threat-
ened violation.  The enforcement of the
remedy hereinabove provided by injunction
shall not prevent the enforcement of the
other penalties provided in this Act.
(Chap. 402, page 1446, 62nd Leg., passed
by the House on May 11, 1971, and by the
Senate on May 19, 1971.  Effective Aug. 30,
1971.)

"Sec. 4.  All laws or parts of laws in
conflict with the provisions of this Act are
hereby repealed to the extent of such con-
flict.

"Sec. 5.  This Act and all of the terms
and provisions herein shall be liberally
construed to effect the purposes set forth
herein.

"Sec. 6.  If any provision of this Act
or the application thereof to any person or
substance shall be held to be invalid, the
remainder of this Act and the application of
such provisions to other persons or substances
shall not be affected thereby.  Acts 1927,
40th Leg., 1st C.S., p. 153, ch. 53; Acts 1947,
50th Leg., p. 328, ch. 188, §1."  (Emphasis
added.)

The 1971 amendment to this Article made changes only
to its Section 3 which relates solely to the penalty and
enforcement provisions.

Article 696a-1, which was first enacted in 1971, reads
as follows:

"Section 1.  Any person who shall dump
or otherwise dispose of trash, junk, garbage,
refuse, unsightly matter, or other solid waste
on public highways, rights-of-way, on other
public or private property, or into any in-
land or coastal waters of Texas without writ-
ten consent of the owner, his agent, or the
public official in charge thereof shall be

> guilty of a misdemeanor and upon convic-
> tion shall be fined not less than $15 nor
> more than $200. Every law enforcement of-
> ficer of this State and its subdivisions
> shall have authority to enforce the provi-
> sions of this Act.

> "Section 2. The seriousness of the
> health, fire and accident hazards resulting
> from litter creates an emergency and an
> imperative public necessity that the Con-
> stitutional Rule requiring bills to be read
> on three several days in each House be sus-
> pended, and this Rule is hereby suspended;
> and that this Act take effect and be in
> force from and after its passage, and it
> is so enacted. (Chap. 366, page 1380, Acts
> of 62nd Leg., passed by the Senate on April
> 6, 1971, and by the House on May 21, 1971.
> Effective May 26, 1971)" (Emphasis Added.)

It will be noted by reference to the several revisions
of Article 696a that the offenses denounced are set forth
in Section 2 thereof and they consist of dumping, etc. "on
a public highway or within or nearer than three hundred (300)
yards of any public highway or county roads of this State."
The amendment to Section 3 of this Act (Chap. 402, Acts of
62nd Leg., page 1446) was adopted or passed by the Legis-
lature at a point in time earlier than the provisions of
Article 696a-1 and thus there was a partial repeal of Sec.
3 or Article 696a by enactment of Article 696a-1, the later
statute relating to dumping on or near public highways and
rights-of-way. Article 696a-1 is the latest statute.
Ex Parte De La Jesus De La O, 227 S.W.2d 212, (Tex.Crim.
1950); Attorney General Opinion M-906 (1971); Opinion No.
V-990 (1950) and cases therein cited.

The effect of the above two statutes is that Article
696a-1 includes the dumping of trash, junk, garbage, refuse
and waste on both public and private property and into pub-
lic waters without written consent; however, the old statute,
Article 696a, is still in effect and remains the latest ex-
pression of the legislature only as to dumping within three
hundred (300) yards of any public highway. Ex Parte Gary
Patterson, No. 44575, Tex.Crim. Oct. 26, 1971, not yet of-
ficially reported.

## S U M M A R Y

Article 696a, Vernon's Penal Code, controls dumping within three hundred (300) yards of public highways and Article 696a-1, Vernon's Penal Code, controls dumping in relation to other areas therein mentioned. Both statutes are in force as law and can be harmonized since Article 696a-1 only partially repeals Article 696a.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Robert Flowers
John Reeves
Charles Lind
Max Flusche

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant