

# The Attorney General of Texas

January 17, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

The Honorable Robert J. Winn
Executive Director of the Governor's
    Coordinating Office for the Visually
    Handicapped
P. O. Box 13047, Capitol Station
Austin, Texas 78711

The Honorable Homer A. Foerster
State Board of Control
L.B.J. Building
Austin, Texas 78711

Opinion No. H- 1115

Re: Implementation of the statutory program for purchases of blind-made products by the state.

Gentlemen:

You have requested our opinion regarding the implementation of the statutory program for purchases of blind-made products by the state.

The 64th Legislature enacted two separate statutes which require state agencies to procure "all suitable products or services," where available, from "nonprofit agencies for the blind." House Bill 1673, a broad statute providing educational services to the blind, was enacted on May 31, 1975. Section 16 of the act, now codified as article 664-5, V.T.C.S., establishes a Texas Commission on Purchases of Blind-Made Products and Services, whose duty it is

> to determine the fair market price of all suitable products and services manufactured by the blind and offered for sale to the various agencies and departments of the government of the State of Texas and of the political subdivisions of the state by any nonprofit agency for the blind organized under the laws of the State of Texas and recognized by the State Commission for the Blind as capable of contributing to the purposes of this article, to revise such prices from time to time in accordance with changing market conditions, and to make such rules and regulations regarding specifications, time of delivery, authorization of a central nonprofit agency to facilitate the

distribution of orders among agencies for the blind, and other relevant matters of procedure as shall be necessary to carry out the purposes of this article. The needs of various state agencies shall be processed by requisition through the State Board of Control and in accordance with those rules and regulations to be established by the State Board of Control.

Sec. 3. Article 664-5 requires that

[a]ll suitable products or services hereinafter procured in accordance with applicable state specifications by or for any state department or agency, including agencies and departments of political subdivisions, shall be procured from such nonprofit agencies for the blind in all cases where such products or services are available within the period specified at the price determined by the committee to be the fair market price for the products or services so procured, unless otherwise specifically provided by the Constitution of the State of Texas.

Sec. 4.

House Bill 2016, now codified as article 664-6, V.T.C.S., is similar in most respects to article 664-5. It creates a Texas Committee on Purchases of Blind-Made Products and Services and authorizes the Committee to determine the fair market price of all products and services manufactured by the blind for sale to state agencies. Section 4, however, imposes a caveat not present in article 664-5:

All suitable products or services procured by or for a state department or agency shall be procured from nonprofit agencies for the blind if the products or services are available within the period specified and at the price determined by the committee to be the fair market price for the products or services unless otherwise specifically provided by the Constitution of the State of Texas. However, in no event, shall the price paid be in excess of the cost of comparable products or services available from other sources.

Sec. 4 (Emphasis added). House Bill 2016 was enacted on the same date as, but prior to, House Bill 1673. Since the Senate amended House Bill 1673, it was not finally approved until the House concurred in the amendments. See Caples v. Cole, 102 S.W.2d 173 (Tex. 1937). The vote to concur took place after Senate passage of House Bill 2016. Texas Senate Journal, 64th Leg., 2068-70 (1975); Texas House Journal, 64th Leg., 4436, 4492 (1975).

It is well established that statutes relating to the same subject matter and having the same general purpose are to be construed with reference to one another. Whittenburg v. Craven, 258 S.W. 152, 153 (Tex. Comm'n App. 1924, jdgmt adopted). This rule of construction is particularly applicable to statutes enacted at the same session of the Legislature. Wright v. Broeter, 196 S.W.2d 82, 85 (Tex. 1946). Such statutes must be harmonized, and effect given to each, unless there is an irreconcilable conflict between them. McGrady v. Terrell, 84 S.W. 641, 642 (Tex. 1905).

In our opinion, an irreconcilable conflict exists between the language of the two statutes. Both require that the state purchase available products and services from nonprofit agencies for the blind at a price previously determined by the Committee. Article 664-6, however, would permit the Board of Control, as purchasing agent for the state, to override this requirement whenever it determines that the price fixed by the Committee is "in excess of the cost of comparable products or services available from other sources." We believe that this provision of article 664-6, not present in article 664-5, must be deemed largely to render nugatory the price-fixing duties of the Committee.

In Ex parte de Jesus de la O, 227 S.W.2d 212 (Tex. Crim. 1950), the court held that

> [w]here two acts passed at the same session of the legislature cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, and the latter act will stand as the final expression of the legislative will.

Id. at 213. Since the two statutes are in irreconcilable conflict, and since article 664-6 was enacted prior to article 664-5, it is our opinion that the latter, being the latest expression of legislative intent, must prevail.

## S U M M A R Y

> Article 664-5, V.T.C.S., being a later expression of legislative intent, prevails over conflicting provisions of article 664-6, V.T.C.S. As a result, the state is required to purchase available products and services from nonprofit agencies for the blind at the fair market price set by the Texas Committee on Purchases of Blind-Made Products and Services.

The Honorable Robert J. Winn
The Honorable Homer A. Foerster - Page 4 (H-1115)

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst