James Kevin **GIBSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–83–0613–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 7, 1984.

E. Stanley Topek, Houston, for appellant.

Russell Lloyd, Houston, for appellee.

Before JACK SMITH, BASS and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

A jury found the appellant guilty of the offense of murder and the trial court assessed his punishment at forty years confinement. The appellant raises five grounds of error, alleging that the trial court erred in failing to order a presentence investigation report prior to sentencing; in failing to include an instruction on voluntary manslaughter; in allowing the State to impeach its own witness; in allowing the criminal record of the appellant to be placed before the jury; and that reversible error was committed when the State attempted to offer evidence of an extraneous offense.

We remand with instructions to the trial court.

In his first ground of error, the appellant contends that since his sentencing occurred on August 31, 1983, the court should have ordered a written pre-sentence investigation report from a probation officer in compliance with amended Art. 42.12, Sec. 4(a), Tex.Code Crim.Proc.Ann. (Vernon Supp. 1984). The State contends that there is no error in the trial court's failure to order a pre-sentence investigation report because the 68th Legislature enacted two separate bills which amended Art. 42.12, Sec. 4. It contends that the first bill enacted made it mandatory for a trial judge to obtain a pre-sentence investigation report prior to the imposition of sentence by the court, while the second bill made it discretionary with the trial court whether a pre-sentence investigation should be obtained. The State maintains that the last enacted bill should prevail and since the last enacted bill left it to the discretion of the trial court whether to obtain a pre-sentence investigation report, there is no error.

The State is correct in its assertion that the 68th Legislature enacted two bills which amended Art. 42.12, Sec. 4 of the Texas Code of Criminal Procedure. House Bill 1178 was passed on May 25, 1983, and became effective ninety days after adjournment, August 29th 1983. Senate Bill 1 was passed two days later on May 27, 1983, and became effective on January 1, 1984. In the instant case, the record reflects that the court sentenced the defendant on August 31, 1983.

The State asserts that this problem has arisen before and has been dealt with by the courts of this State:

Where two acts passed at the same session of the legislature cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, and the latter act will stand as the final expression of the legislative will. *Ex parte De Jesus La O*, 154 Tex.Crim. 326, 227 S.W.2d 212, 213 (1950).

We believe that the instant case is distinguishable from *De La O, supra*. In the instant case, only one of the two acts passed by the 68th Legislature had reached the date the act was to become effective. In *De La O*, both acts had become effective and the Court of Criminal Appeals held that there was an irreconcilable conflict.

Many new laws enacted by the Legislature conflict with the older laws which the new laws amended, but the conflicts are not irreconcilable because of the effective dates of the respective laws. In the instant case, there was only one act amending Art. 42.12, Sec. 4 in effect at the time the trial court sentenced the appellant, H.B. 1178, pg. 1790, ch. 343, Sec. 1, 68th Leg. (1983). That law has been codified as 42.12, Sec. 4. Only Secs. (a) and (b) of Sec. 4 are material to this cause of action:

Sec. 4(a) Except as provided by Subsection (b) of this section, prior to the imposition of sentence by the court in a criminal case the court *shall* direct a probation officer to report to the court in writing on the circumstances of the offense with which the defendant is charged, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the court.

(b) The court is not required to direct a probation officer to prepare a report if:

(1) the defendant requests that a report not be made and the court agrees to the request; or

(2) the court finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the court explains this finding on the record. (emphasis added).

As heretofore stated, this amendment became effective on August 29, 1983, and the appellant was sentenced by the trial court on August 31, 1983. The parties to this appeal are in agreement that the amendment, in using the word *"shall,"* expressed the intent of the Legislature to make the obtaining of a pre-sentence investigation report mandatory prior to the imposition of the sentence by the court. We agree with the parties' interpretation of the amendment.

**354**

We hold that the trial court in sentencing the appellant failed to comply with Art. 42.12, Sec. 4(a) and (b) [as amended by Acts 1983, 68th Leg. p. 1790, ch. 343, Sec. 1]. This cause is therefore remanded to the trial court with instructions to comply with the provisions of Art. 42.12, Sec. 4(a) and (b), and in that respect, the court is directed to do one of two things: 1) set aside the sentence, order that a pre-sentence investigation report be made, and after considering the same, conduct a new punishment hearing, assess punishment and sentence the appellant; or 2) if the court finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion without obtaining a pre-sentence investigation report, the court shall explain this finding on the record, in which case the original sentence shall remain in effect. We express no opinion on the other grounds of error raised by the appellant.

Remanded to the trial court with instructions.