

# THE ATTORNEY GENERAL
## OF TEXAS

June 24, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Marvin J. Titzman
Executive Director
Texas Surplus Property Agency
P. O. Box 8120
San Antonio, Texas    78208

Opinion No. JM-726

Re: Whether competitive bidding statutes apply to property obtained by a county through the Texas Surplus Property Agency

Dear Mr. Titzman:

On behalf of the Texas Surplus Property Agency, you seek advice about the distribution of surplus federal property to counties. The Texas Surplus Property Agency was established by article 6252-6b, V.T.C.S. Its purpose is explained in Attorney General Opinion JM-417 (1985):

> The Federal Property and Administrative Service Act of 1949, as amended, provides that surplus personal property under the control of an executive agency of the federal government may be transferred to a state agency which is designated by state law as the agency responsible for the fair and equitable distribution of the property in accordance with the provisions of the act. See 40 U.S.C. §484(j). Section 484(j)(4)(D) allows the state agency to assess and collect service charges from participating recipients to cover costs of the state agency's activities. The federal act requires such charges to be based on services performed by the state agency.

> The Texas Legislature created and designated the Texas Surplus Property Agency as the state agency for the purpose of the Federal Property and Administrative Services Act of 1949. See V.T.C.S. art. 6252-6b, §4. Its primary function is the acquisition, warehousing, and distribution of surplus federal personal property to entities that qualify under the federal act.

Attorney General Opinion JM-417 (1985).

The Texas Surplus Property Agency may distribute surplus property to political subdivisions. 40 U.S.C. §484(j)(4)(B), (j)(5). The agency may assess a service and handling charge or fee for the acquisition, warehousing, distribution, or transfer by the agency and, in the case of real property, such charges and fees shall be limited to the reasonable administrative costs of the agency incurred in effecting transfer. V.T.C.S. art. 6252-6b, §4(1). The statute authorizes no charge to the recipient for the value of the property itself, but only for the service and handling charges. The federal government retains conditional title to the property. If the donee does not use it in accordance with the conditions attached to the transactions, it must be returned to the agency. 40 U.S.C. §484(j)(4)(C)(ii).

You ask whether distributions of surplus property to county governments are subject to the competitive bidding laws.

Article 2368a.5, V.T.C.S., the County Purchasing Act, includes the competitive bidding provisions applicable to counties. It was enacted in 1985 as the major part of a bill which also repealed articles 1658, 1659, 1659a, and 1659b, V.T.C.S., among other statutes. Acts 1985, 69th Leg., ch. 641, §11, at 2377, 2384; see Attorney General Opinion MW-535 (1982). The same session of the legislature amended articles 1659 and 1659b, V.T.C.S., which also state competitive bid requirements for counties. Acts 1985, 69th Leg., ch. 806, §2, at 2850, 2851. The amendments to articles 1659 and 1659b were adopted first, followed by the repealer a few days later. See Acts 1985, 69th Leg., ch. 641, at 2377, 2385; ch. 806, at 2850, 2851.

When conflicting statutes are enacted by the same session of the legislature, the latest expression of legislative intent prevails. State v. Easley, 404 S.W.2d 296, 300 (Tex. 1966); Ex parte de Jesus de la O., 227 S.W.2d 212 (Tex. Crim. App. 1950); Attorney General Opinion Nos. MW-139 (1980); H-1107 (1977). Articles 1659 and 1659b, V.T.C.S., were first amended to require competitive bidding for county purchases in excess of $5,000; they were then repealed by the bill enacting article 2368a.5, V.T.C.S., which also requires competitive bidding for purchasing in excess of $5,000. V.T.C.S. art. 2368a.5, §3(a). Therefore, article 2368a.5, V.T.C.S., is the only competitive bidding statute we need to address.

Article 2368a.5, V.T.C.S., states as follows:

> Before a county may purchase one or more items under a contract that will require an expenditure exceeding $5,000, the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this Act.

V.T.C.S. art. 2368a.5, §3(a).

You state in your letter that the "service and handling" charges allowed by article 6252-6b, V.T.C.S., are not to be construed as the purchase price of the surplus property. Federal law allows your agency to "collect service charges from participating recipients to cover <u>direct and reasonable indirect costs</u>. . . ." 40 U.S.C. §484(j)(4)(D) (emphasis added).

The Texas Surplus Property Agency does not sell personal property, since it is required by law to distribute it to public entities without requiring payment for its value. You ask whether the competitive bid provisions apply to the service and handling charges assessed by the Texas Surplus Property Agency pursuant to section 4(1) of article 6252-6b, V.T.C.S.

Article 2368a.5, V.T.C.S., applies to the purchase of "one or more items under a contract that will require an expenditure exceeding $5,000." V.T.C.S. art. 2368a.5, §(3)(a). An "item" includes "any service." <u>Id.</u> §2(3). Thus, if the purchase of "service and handling charges" required an expenditure in excess of $5,000, the commissioners court would ordinarily have to comply with the competitive bidding or competitive proposal procedures of article 2368a.5, V.T.C.S. We believe, however, that service and handling charges which the county pays to the Texas Surplus Property Agency incidental to its receipt of surplus personal property, are subject to the following exemption to the competitive bidding requirement:

> (a) A contract for the purchase of any of the following items is exempt from the requirement established by Section 3 of this Act if the commissioners court by order grants the exemption:
>
> . . . .
>
> (7) <u>an item that can be obtained from only one source</u>, including: items for which competition is precluded because of the existence of patents, copyrights, secret processes, or natural monopolies; films, manuscripts, or books; electric power, gas, water, and other utility services; and captive replacement parts or components for equipment.
>
> (b) If an item exempted under Subdivision (7) of Subsection (a) of this section is purchased, the commissioners court, after accepting a signed statement from the county official who makes purchases for the county as to the existence of only one source, must enter in its minutes a statement to that effect. (Emphasis added).

Mr. Marvin J. Titzman - Page 4  (JM-726)

V.T.C.S. art. 2368a.5, §4(a)(7), (b).

     A county may acquire surplus property through the Texas Surplus Property Agency only if that agency provides the services necessary to transfer the property.  Article 6252-6b, V.T.C.S., gives the county no opportunity to negotiate with other providers for acquisition, warehousing, or transportation services.  Therefore, when the county acquires surplus property from the Texas Surplus Property Agency, the agency is by law the sole source for services necessary to transfer property to the county.  The county may invoke the "one source" exemption from the competitive bidding requirement.

<u>S U M M A R Y</u>

     Articles 1659 and 1659b, V.T.C.S., were repealed in 1985 by the legislation enacting article 2368a.5, V.T.C.S., the County Purchasing Act.  The county government may accept transfers of surplus personal property by the Texas Surplus Property Agency and pay the authorized service and handling charges incidental to such transfer without complying with the competitive bidding requirements of article 2368a.5, V.T.C.S.  The payment of service and handling charges is within the section 4(a)(7) exemption to article 2368a.5, V.T.C.S.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General