

# THE ATTORNEY GENERAL
# OF TEXAS

June 3, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Charles D. Travis
Executive Director
Parks and Wildlife
   Department
4200 Smith School Road
Austin, Texas   78744

Opinion No.  JM-914

Re: Conflict between provisions
of the  Parks and Wildlife Code
(RQ-1351)

Dear Mr. Travis:

The 69th Legislature enacted Senate Bill No. 464   (Acts 1985, 69th Legislature,  chapter 267, at  1251), and  Senate Bill No. 980 (Acts 1985,  69th Legislature, chapter 827,  at 2885), both of  which contain amended  versions of  sections 47.051 and 47.052 of the  Parks and Wildlife Code.  You  ask whether the two  amended versions  are in  conflict and,  if they are,  which  amended version  prevails.   We  conclude, first, that  the  amended  sections  are  in  irreconcilable conflict, but only as  to the specific  sections set out  in S.B. 980, and,  second, that  S.B. 980 controls in the  event of any such conflict.  We first will discuss the  provisions of S.B. 464; then we will turn to S.B. 980.

Prior to the 1985 amendments, section 47.051 made  violation of  a  certain  list  of sections  in  chapter  47  a misdemeanor, punishable by a fine  of not less than $10  nor more than $200 and the  possible forfeiture for one year  of any license held under the authority of the listed sections. Prior to the 1985 amendments, section 47.052 made  violation of certain other listed sections a misdemeanor punishable by a fine  of not  less  than $100  nor  more than  $1,000,  by confinement in jail  for not  less than one  month nor  more than one year, or by both.

In 1985 the Parks and Wildlife Department was  reviewed pursuant to what is now chapter 325 of the Government  Code, the so-called "Sunset Law," and, as a consequence, the  69th Legislature enacted S.B. 464, which sets forth comprehensive amendments to the Parks and Wildlife Code.  Acts 1985,  69th Leg., ch. 267, at 1251 <u>et seq.</u>  Article 3 of S.B. 464 amends chapter 12 of the code by adding subchapter E, which  established a new  penalty schedule for  Parks and Wildlife  Code

violations in lieu of the specific penalties which had formerly been listed throughout the code.

Article 3 of S.B. 464 amends section 47.051 of the code to provide the following: "Except as provided by Section 47.052 of this code, a person who violates a provision of this chapter commits an offense that is a Class C Parks and Wildlife Code misdemeanor." Acts 1985, 69th Leg., ch. 267, art. 3, § 33 at 1280. It amends section 47.052 of the code by adding provisions for penalty enhancement in subsection (d):

> (a) A person who fails to comply with or who violates a provision of Section 47.003(a) or 47.007 of this code commits an offense that is a Class B Parks and Wildlife Code misdemeanor.
>
> (b) The department may seize boats, nets, seines, trawls, or other tackle in the possession of a person violating the sections listed in Subsection (a) of this section and hold them until after the trial of the person.
>
> (c) Violations of the above sections may also be enjoined by the attorney general by suit filed in a district court in Travis County.
>
> (d) If it is shown at the trial of the defendant for a violation of Section 47.008, 47.016, or 47.038 of this code that he has been convicted within five years before the trial date of a violation of the section for which he is being prosecuted, on conviction he shall be punished for a Class B Parks and Wildlife Code misdemeanor.

Id., § 34 at 1281.

S.B. 464 also enacted section 12.403, which sets forth the classification of Parks and Wildlife Code offenses and provides that Parks and Wildlife Code misdemeanors shall be in three classes, according to the seriousness of the

offense.[1] Sections 12.404, 12.405 and 12.406 of the code, also enacted by S.B. 464, set forth the punishments appropriate to Class A, Class B, and Class C misdemeanors respectively. Section 12.404 provides for punishment of a "Class A Parks and Wildlife Code misdemeanor":

> An individual adjudged guilty of a Class A Parks and Wildlife Code misdemeanor shall be punished by:
>
> (1) a fine of not less than $500 nor more than $2,000;
>
> (2) confinement in jail for a term not to exceed one year; or
>
> (3) both such fine and imprisonment.

Section 12.405 of the code sets forth the punishment of a "Class B Parks and Wildlife Code misdemeanor":

> An individual adjudged guilty of a Class B Parks and Wildlife Code misdemeanor shall be punished by:
>
> (1) a fine of not less than $200 nor more than $1,000;
>
> (2) confinement in jail for a term not to exceed 180 days; or
>
> (3) both such fine and imprisonment.

Section 12.406 of the code sets forth the punishment of a "Class C Parks and Wildlife Code misdemeanor":

> An individual adjudged guilty of a Class C Parks and Wildlife Code misdemeanor shall be punished by a fine of not less than $25 nor more than $200.

---

1. Section 12.403 also provides that section 12.41 of the Penal Code, which classifies convictions for offenses not obtained from prosecutions under that code, does not apply to offenses under the Parks and Wildlife Code.

S.B. 980, on the other hand, also contains, <u>inter alia</u>, amended versions of sections 47.051 and 47.052 of the code. The S.B. 980 version of section 47.051 provides:

> A person who violates a provision of Section 47.002, 47.004 through 47.006, 47.009 through 47.011, 47.013 through 47.015, 47.017, 47.032 through 47.034, or 47.037, of this code is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $10 nor more than $200 and is subject to the forfeiture, for one year from the date of the conviction, of a license held under the authority of the listed sections.

Acts 1985, 69th Leg., ch. 827, § 4 at 2886.

The S.B. 980 version of subsection (a) of section 47.052 of the code provides:

> (a) A person who fails to comply with or who violates a provision of Section 47.003(a), 47.007, or 47.012 of this code is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $100 nor more than $1,000, by confinement in jail for not less than one month nor more than one year, or both.

<u>Id.</u>, at 2886.

In other words, S.B. 464 provides that all offenses under chapter 47 of the code are punishable as Parks and Wildlife Code Class C misdemeanors as set forth in the bill, except for violations of sections 47.003(a) and 47.007 of the code; violation of those provisions is a Class B Parks and Wildlife Code misdemeanor. In addition, if someone is tried under sections 47.008, 47.016, or 47.038 and it is adduced at trial that that person was convicted within five years before the trial date of a violation of the section for which he is then being prosecuted, punishment upon conviction shall be upgraded to the punishment set forth in the bill for a Class B Parks and Wildlife Code misdemeanor.

S.B. 980, on the other hand, in effect carves out a set of exceptions to the punishments set out in S.B. 464, providing that violation of any of a list of specified sections is a misdemeanor to be punished by a fine of not less than $10 nor more than $200. In addition, anyone convicted of violating any of the specified sections is

subject to forfeiture, for one year from the date of conviction, of any license held under the authority of those sections.  S.B. 980 also provides that violation of any of a list of other specified sections is a misdemeanor and punishable by a fine of not less than $100 nor more than $1,000, by confinement in jail for not less than one month nor more than one year, or both.

It is clear from a reading of both the bills and the bills' legislative histories that the legislature did not intend for the sections listed in S.B. 980 to comprise the exclusive list of sections of chapter 47 whose violation would subject the offender to punishment.  S.B. 464 contains comprehensive "sunset" amendments to the code; the bill is entitled:

> An Act relating to the continuation, composition, powers, and duties of the Parks and Wildlife Department; . . . to the enforcement of laws and regulations relating to activities permitted by licenses and permits issued by the Parks and Wildlife Department; to state recovery for certain violations of the Parks and Wildlife Code; to authorizing the Parks and Wildlife Department to recover damages for certain violations of the Water Code; providing penalty schedules for the Parks and Wildlife Code; . . . providing enforcement procedures and penalties.

Acts 1985, 69th Legislature, ch. 267 at 1251.  The "Purpose of the Bill" set out in the Bill Analysis states that, among other purposes, the bill is intended to

> provide the agency with greater authority for resource protection activities, enforcement functions and fees charged for department-related activities.  Other changes the bill makes will establish a new penalty schedule for Parks and Wildlife Code violations and streamline various department activities.

Bill Analysis for S.B. 464.  The Bill Analysis for Article 3 simply states:

> Article III of this bill amends the Parks and Wildlife Code by:
>
> 1) establishing a new penalty schedule for Parks and Wildlife Code violations, and

2)   deleting   specific   penalties   listed throughout   the   code   and   substituting   a reference to a  penalty on  the newly  estab-lished penalty schedule.

S.B. 980, on the other hand, is intended to be of  more limited scope; the bill is entitled:

An Act relating to regulation of  transporta-tion of and commerce in fish and other edible marine products and to records of convictions and their use; providing penalties. . . .

Acts 1985, 69th Leg., ch. 827 at 2885.  The title goes on to list the specific sections of the code that the bill amends, including section 47.051 and  subsection  (a)  of  section 47.052.  The Bill Analysis prepared for the original  Senate bill sets forth the purpose of the bill: "To strengthen  the protections   provided   in   legislation   regulating   the commercial harvest  of redfish  and  speckled sea  trout  by imposing record-keeping requirements at all points of sale." The Bill  Analysis  prepared  for  the  House  Committee  on Environmental Affairs  contains a  fuller statement  of  the purpose of the bill:

Senate Bill 980 proposes to establish  the requirements by which seafood products may be bought and  sold.  Further,  it provides  the Commission with greater authority to regulate the importation of red drum and spotted  sea-trout for resale.  Additionally, it  proposes to  provide  for  the  monthly  reporting  of purchases, or if applicable, no purchases  by seafood dealers.

(Bill Analysis on  file in  Legislative Reference  Library.) There is nothing in the  legislative history of S.B. 980  to support the  contention  that  its  penalty  provisions  are intended to supplant the  provisions of the more  comprehen-sive S.B. 464; it does nothing more than carve out a set  of exceptions relating  only  to  the harvesting  and  sale  of certain species of fish.

Statutes that deal with the same general subject matter are considered as  being in pari  materia, even though  they contain no reference to one another.  In order to arrive  at the proper statutory construction, all parts of the acts  in pari materia will be construed together, as though they were parts  of  the  same  law.  Any  conflict  between  their provisions  will be harmonized if possible, and effect  will

be given to all provisions of each act, if they can be made to stand together. State v. Dyer, 200 S.W.2d 813 (Tex. 1947); Wintermann v. McDonald, 102 S.W.2d 167 (Tex. 1937); Trimmier v. Carlton, 296 S.W. 1070 (Tex. 1927); Conley v. Daughters of the Republic of Texas, 156 S.W. 197 (Tex. 1913).

But in an instance in which conflicting statutes are enacted by the same session of the legislature, the latest expression of legislative intent prevails. Ex parte de Jesus de la O., 227 S.W.2d 212 (Tex. Crim. App. 1950); Attorney General Opinions MW-139 (1980); H-1115 (1978). Sutherland Statutory Construction offers the following rules:

> In the absence of an irreconcilable con-
> flict between two acts of the same session,
> each will be construed to operate within the
> limits of its own terms in a manner not to
> conflict with the other. However, when two
> acts of the same session cannot be harmonized
> or reconciled, that statute which is the
> latest enactment will operate to repeal a
> prior statute of the same session to the
> extent of any conflict in their terms.
>
> Because the latest expression of the
> legislative will prevails, the statute last
> passed will prevail over a statute passed
> prior to it, irrespective of the time of
> taking effect. Where two acts of the same
> session take effect at the same time, the
> latest passed will prevail.

1A Sutherland Statutory Construction § 23.17 (4th ed.) (footnotes omitted).

In this instance, both bills were enacted during the 69th Legislature, and both deal with the same subject matter, namely punishments assessed for violations of the code. S.B. 464 first passed the Senate on March 11, 1985. The House passed the bill with amendments on May 16, 1985. The Senate concurred in the House amendments on May 21, 1985. S.B. 980 first passed the Senate on April 25, 1985. The House passed the bill with amendments on April 21, 1985. The Senate concurred in the House amendments on May 27, 1985. S.B. 980 was the last enacted statute and, therefore, represents the most recent expression of legislative intent on the subject. Accordingly, S.B. 980 prevails over S.B. 464 in the event that there are irreconcilable conflicts

between the two. The only remaining issue is determining in just what instances there is such conflict.

The punishments to be assessed upon conviction of a violation are different under each bill, thereby rendering the two bills irreconcilably in conflict as to those specific sections set out in the later-enacted S.B. 980. Therefore, any punishments assessed for violation of sections 47.002, 47.003(a), 47.004 through 47.006, 47.008, 47.009 through 47.011, 47.012, 47.013 through 47.015, 47.017, 47.032 through 47.034, and 47.037 of the Parks and Wildlife Code must be assessed in accordance with the provisions of S.B. 980. Accordingly, the punishment to be assessed for violation of any of the sections listed above, except for sections 47.003(a), 47.007, and 47.012, shall be a fine of not less than $10 nor more than $100; in addition, anyone so convicted is subject to the forfeiture, for one year from the date of the conviction, of any license held under the authority of the listed sections. Punishment to be assessed for violation of sections 47.003(a), 47.007, and 47.012 shall be by a fine of not less than $100 nor more than $1,000, by confinement in jail for a term of not less than one month nor more than one year, or by both.

The punishments to be assessed upon conviction for violation of the remaining sections of chapter 47 of the Parks and Wildlife Code must be assessed in accordance with the provisions of S.B. 464. Therefore, punishment for violation of any of the remaining sections of chapter 47 shall be a Class C Parks and Wildlife Code misdemeanor with punishment to be assessed as a fine of not less than $25 nor more than $500. S.B. 980 is silent as to enhancement of punishment for any prior convictions; accordingly, any specific enhancement provisions set forth in S.B. 464 will control. Therefore, pursuant to S.B. 464, if a person has a prior conviction within five years of the trial date under either section 47.008, 47.016, or 47.038 of the code and he is convicted of an offense under the section under which he has a prior conviction, punishment upon conviction is enhanced to the level of a Class B Parks and Wildlife Code misdemeanor.

## S U M M A R Y

Any punishments assessed for violation of the following sections of the Parks and Wildlife Code must be assessed in accordance with the provisions of S.B. 980:  sections 47.002, 47.003(a), 47.004 through 47.006, 47.008, 47.009 through 47.011, 47.012, 47.013 through 47.015, 47.017, 47.032 through 47.034, and 47.037.  Therefore, the punishment to be assessed for violation of any of the sections listed above, except for sections 47.003(a), 47.007, and 47.012, is a fine of not less than $10 nor more than $100; additionally, anyone so convicted is subject to the forfeiture, for one year from the date of the conviction, of any license held under the authority of the listed sections. Punishment to be assessed for the violation of sections 47.003(a), 47.007, or 47.012 of the code shall be by a fine of not less than $100 nor more than $1,000, by confinement in jail for a term of not less than one month nor more than one year, or by both.

Punishments to be assessed for violation of the remaining sections of chapter 47 are governed by S.B. 464.  Therefore, violation of any such section shall be a Class C Parks and Wildlife Code misdemeanor with punishment to be assessed as a fine of not less than $25 nor more than $500.  S.B. 980 is silent as to enhancement of punishment for any prior convictions; accordingly, any specific enhancement provisions set forth in S.B. 464 will control.  Therefore, pursuant to S.B. 464, if any person has a prior conviction within five years of the trial date under either sections 47.008, 47.016, or 47.038 of the code and he is convicted of an offense under the section for which he has a prior conviction, punishment upon conviction is enhanced to the level of a Class B Parks and Wildlife Code misdemeanor.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General