OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 14, 2001

The Honorable Jim Solis
Chair, Economic Development Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0409

Re: Furnishing of a social security number as a requirement for a Texas driver's license (RQ-0343-JC)

Dear Representative Solis:

You have inquired concerning the authority of the Department of Public Safety ("DPS") to require that applicants for a Texas driver's license provide a social security number.[1] Family Code section 231.302 requires that "each licensing authority shall request and each applicant for a license shall provide the applicant's social security number." TEX. FAM. CODE ANN. § 231.302(c)(1) (Vernon Supp. 2001); 37 TEX. ADMIN. CODE § 15.44 (2001) (Tex. Dept. Public Safety, Social Security Number). The purpose of the Family Code provision is "[t]o assist in the administration of laws relating to child support enforcement," TEX. FAM. CODE ANN. § 231.302(c) (Vernon Supp. 2001), including 42 U.S.C. § 666(a)(13)(A) (1994 & Supp. IV 1998), which requires of every state "[p]rocedures requiring that the social security number of . . . any applicant for a . . . driver's license . . . be recorded on the application." Therefore, the practice of requiring the provision of a social security number, if the applicant possesses one, is required under federal law. An individual is not required to have a social security number as a condition of receiving a driver's license.

42 U.S.C. § 666, in relevant part, provides:

> (a) Types of procedures required:
>
> In order to satisfy section 654(20)(A) of this title, each State must have in effect laws requiring the use of the following procedures, consistent with this section and with regulations of the Secretary, to increase the effectiveness of the program which the State administers under this part:
>
> . . . .

---

[1]Letter from Honorable Jim Solis, Chair, Economic Development Committee, to Honorable John Cornyn, Texas Attorney General (received Jan. 31, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

>          (13)    RECORDING OF SOCIAL SECURITY NUMBERS IN CERTAIN
> FAMILY MATTERS.—Procedures requiring that the social security
> number of—
>
>               (A)    any applicant for a professional license, driver's
> license, occupational license, recreational license, or marriage license
> be recorded on the application[.]

42 U.S.C. § 666(a)(13)(A) (1994 & Supp. IV 1998).

Such procedures as 42 U.S.C. § 666(a)(13)(A) requires are mandated under Texas law by section 231.302(c) of the Family Code, which provides:

> To assist in the administration of laws relating to child support
> enforcement under Parts A and D of Title IV of the federal Social
> Security Act (42 U.S.C. Sections 601-617 and 651-669):
>
>               (1)    each licensing authority shall request and each
> applicant for a license shall provide the applicant's social security
> number[.]

TEX. FAM. CODE ANN. § 231.302(c)(1) (Vernon Supp. 2001).

Neither the federal statute at issue here nor the Texas Family Code provision has been interpreted by the agencies involved, the United States Department of Health and Human Services and DPS, to require the possession of a social security number as a prerequisite for a driver's license. As you note, a memorandum from the Office of Child Support Enforcement of the U.S. Department of Health and Human Services dated July 14, 1999, interprets the federal provision "to require that States have procedures which require an individual to furnish any social security number that he or she may have."[2] It goes on to state that:

> Section 466(a)(13) of the Act does not require that an individual have
> a social security number as a condition of receiving a license, etc.
> We would advise States to require persons who wish to apply for a
> license who do not have social security numbers to submit a sworn
> affidavit, under penalty of perjury, along with their application stating
> that they do not have a social security number.

*Id.*

---

[2]Memorandum from David Gray Ross, Commissioner, Office of Child Support Enforcement, to State IV-D Directors and Regional Program Managers (July 14, 1999).

Volume 37, section 15.42 of the Texas Administrative Code, which requires that a social security number "shall be obtained from all applicants," provides another method by which those who cannot obtain a social security number may nevertheless obtain a license:

> (e) Individuals who do not possess a social security number will be referred to the Social Security Administration to obtain such number.
>
> (1) An individual, ineligible to obtain a social security number due to immigration status will be required to obtain a letter from the Social Security Administration (SSA L-676) indicating their non-eligibility.

37 TEX. ADMIN. CODE, *supra*, § 15.42.

Section 521.044 of the Transportation Code generally provides that social security numbers obtained by DPS under authority of this regulation and Family Code section 231.302(c) may be disclosed by DPS only to state agencies, including the Child Support Division of this Office, which are responsible for enforcing child support payments, and limits the use of such information to that purpose.

The particular question of how to interpret subsection (f) of section 521.044 is less than clear, although it does not affect the result of this opinion. The Seventy-sixth Legislature passed two different bills, each of which amends subsection (f), and which amendments are mutually contradictory. Senate Bill 368 contained language providing that section 521.044(f) "does not prohibit the department from requiring an applicant . . . to provide [a] . . . social security number." Tex. S.B. 368, 76th Leg., R.S., 1999 Tex. Gen. Laws 3058, 3086. It contained as well a provision that:

> If Senate Bill No. 370, Acts of the 76th Legislature, Regular Session, 1999, is enacted and becomes law, and that bill contains a provision that amends Section 521.044, Transportation Code, to prohibit that section from authorizing the Department of Public Safety of the State of Texas to require an applicant for a driver's license to provide the applicant's social security number, that provision shall have no effect.

*Id.* Senate Bill 370, on the other hand, amended section 521.044(f) to provide that, "This section does not authorize the department to require an applicant for a driver's license to provide the applicant's social security number unless the provision of the social security number is required under federal law." Tex. S.B. 370, 76th Leg., R.S., 1999 Tex. Gen. Laws 4153, 4161.

The DPS policy at issue here would be permissible under either the less restrictive statutory guidelines of Senate Bill 368 or the requirement of Senate Bill 370 that "the provision of the social

security number [be] required under federal law." *Id.* For, as noted above, the provision of such numbers is indeed required by federal law.

Although we do not here resolve the issue of which version of Transportation Code section 521.044(f) constitutes the applicable law, we regard as problematic the assumption by the publisher of the printed version of Vernon's Texas Codes Annotated that Senate Bill 368's anticipatory rejection of Senate Bill 370 is effective. The rule enunciated by the court of criminal appeals in *Ex Parte de Jesus de la O*, 227 S.W.2d 212, 213 (Tex. Crim. App. 1950), and later codified at section 311.025 of the Government Code is that "Where two acts passed at the same session of the legislature cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, and the latter act will stand as the final expression of the legislative will." *Id.* Government Code section 311.025(d) provides that "the date of enactment is the date on which the last legislative vote is taken on the bill enacting the statute." TEX. GOV'T CODE ANN. § 311.025(d) (Vernon 1998). In this case, the last legislative action taken on Senate Bill 368 occurred on May 27, 1999, when the senate concurred in the house amendments. The last legislative action taken on Senate Bill 370, on the other hand, occurred on May 30, 1999, when the senate adopted the conference report by a nonrecord vote. Accordingly, Senate Bill 370 is later in time than Senate Bill 368, and under the later in time rule as ordinarily understood, its amendment of section 521.044(f) would clearly constitute the law of Texas. Of course, as noted above, the DPS policy at issue in this case would be permissible under either Senate Bill 368 or Senate Bill 370.

## S U M M A R Y

Pursuant to 42 U.S.C. § 666 (1994 & Supp. IV 1998) and Texas Family Code section 231.302, in order to aid in the collection of child support, the Texas Department of Public Safety must require any and all applicants for a Texas driver's license who possess a social security number to provide that number. TEX. FAM. CODE ANN. § 231.302 (Vernon Supp. 2001). An individual is not required to have a social security number as a condition of receiving a license.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee